**Kenneth JENSEN d/b/a Jensen Welding, Appellant,**

v.

**FIRST CITY NATIONAL BANK, Appellee.**

No. A2436.

Court of Civil Appeals, of Texas, Houston (14th Dist.).

May 6, 1981.

Rehearing Denied June 3, 1981.

Lee J. Keller, Heath & Knippa, Houston, for appellant.

D. Bobbitt Noel, Jr., Vinson & Elkins, Houston, for appellee.

Before BROWN, C. J., and PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a take nothing judgment rendered against Jensen, a partially-unpaid subcontractor, in a suit brought by him against First City National Bank ("the bank") to recover monies re-

tained by the bank in repayment of loans made by it to the contractor on the project. Three Worlds Equipment Co. ("Three Worlds"). Jensen contends that by reason of the application of Tex.Rev.Civ.Stat.Ann. art. 5472e (Vernon Supp.1980) the bank converted funds belonging to Jensen by retaining the proceeds from two checks which were issued in payment for the work the subject of the subcontract between Jensen and Three Worlds. We affirm.

Three Worlds entered into a contract with Marathon Marco Co. ("Marco") to dismantle a storage tank located near Emory, Texas, and re-erect it on Marco's property in Dickinson, Texas. Three Worlds was to be paid $30,000 for this service in three equal payments, one to be paid upon issuance of the purchase order, one upon delivery of the tank to the plant site and the third upon completion of the work. Three Worlds then contracted with Jensen for Jensen to dismantle, move, sandblast and re-erect the tank for $18,000, $10,000 of which was to be paid upon delivery of the tank to Marco's plant and the balance when the work was completed and accepted.

Marco issued its first payment for $10,000 to Three Worlds on September 29, 1976, and on October 25, 1976, Three Worlds invoiced Marco for the second payment. On October 28, 1976, Three Worlds borrowed $5000 from the bank, subject to the bank's previously-filed security interest in the accounts receivable of Three Worlds. As a condition to the loan, the bank required and Three Worlds and Marco agreed that the next payment from Marco under the subject contract would be made payable jointly to Three Worlds and the bank. On November 8, 1976, Marco issued its check payable to Three Worlds and the bank covering the second installment. After endorsement by Three Worlds, the bank used the proceeds to retire the Three Worlds note of October 28, 1976, and credited the remainder to the Three Worlds account with the bank.

On November 12, 1976, Three Worlds borrowed an additional $5000 from the bank on the same terms as the first $5000 loan. On December 10, 1976, Marco issued its check in the amount of $10,000 payable to Three Worlds and the bank in payment of the last installment under the contract. This check was endorsed, delivered to the bank, and the proceeds used and deposited on December 13, 1976, in the same fashion as the first.

Jensen completed the work under his contract with Three Worlds on December 10, 1976, and was paid under his contract a total of $8000 in three installments: one for $1000 on October 31, 1976; the second for $3000 on November 11, 1976; and the third for $4000 on November 15, 1976.

Tex.Rev.Civ.Stat.Ann. art. 5472e creates a trust fund for contractors, subcontractors, mechanics, materialmen and others who supply labor and/or materials incident to the erection of improvements upon real property within the state. The statute provides:

Section 1. All moneys or funds paid to a contractor or subcontractor or any officer, director or agent thereof, under a construction contract for the improvement of specific real property in this state, and all funds borrowed by a contractor, subcontractor, owner, or any officer, director or agent thereof, for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; . . . . The contractor, subcontractor, owner, or any officer, director or agent thereof, receiving such payments or funds, or having control or direction of same, is hereby made and constituted a Trustee of such funds so received or under his control or direction.

Sec. 2. Any Trustee, who shall, directly or indirectly, with intent to defraud, retain, use, disburse, misapply, or otherwise divert, any trust funds, or part thereof, as defined in Section 1 of this

Act, without first fully paying and satisfying all obligations of the Trustee to all artisans, laborers, mechanics, contractors, subcontractors, or materialman, incurred or to be incurred in connection with the construction and improvements, for which said funds were received, shall be deemed to have misapplied said Trust Funds. Misapplication of Trust Funds hereunder, under the value of $250, shall be punished by imprisonment in jail not exceeding two years and by fine not exceeding $500, or by such imprisonment without fine. Misapplication of Trust Funds hereunder, of the value of $250 or over shall be punished by confinement in the Department of Corrections for a period not exceeding ten years.

Although appellant asserts seventeen points of error, the basis of his appeal is that the funds received by the bank in repayment of the two $5000 loans to Three Worlds constituted trust funds under article 5472e to be held by Three Worlds for Jensen, that the bank's actions amounted either to conversion of those trust funds or participation in a breach of trust by Three Worlds and that the bank should be required to return to Jensen the funds used to retire the Three Worlds notes. We agree with appellant that the proceeds of the checks from Marco used to repay the Three Worlds notes to the bank qualify under art. 5472e as trust funds; however, § 4 of the statute specifically exempts the bank from any liability under the statute. That section provides:

Sec. 4. This Act shall have no application to any bank, savings and loan association or other lender or to any title company or other closing agent in connection with any transaction to which this Act is applicable. . . .

We have found no case which gives a meaning to § 4 which would allow liability to be found on the part of the bank under article 5472e. Appellant cites *Panhandle Bank & Trust Co. v. Graybar Elec. Co., Inc.,* 492 S.W.2d 76 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.) for the proposition that the rights of a bank to funds interpleaded by a general contractor indebted to a subcontractor in an article 5472e situation were subordinate to those of a materialman who had supplied the subcontractor to whom the bank had made loans and whose accounts receivable and contract rights had been assigned to the bank. The court there held the materialman entitled to the money deposited in the court unless the bank established a right to the funds superior to that of the materialman, which the bank failed to do. We find that case is not controlling for several reasons. There the court found that the funds advanced by the bank were not applied to the performance of the subcontract involved in the case. Such is not the case here. Additionally, the issue of the bank's § 4 exemption from liability under article 5472e apparently was never raised.

Also, *Graybar* involved a question of priority of claims to contractual retainage deposited by the general contractor into the registry of the court in an interpleader action. Here we are not involved with contractual retainage or a question of priority of claims to funds not yet paid, but with the liability of a bank for repayment of funds received by it in payment of the general contractor's debts to the bank. We find the language of § 4 clearly exempts the bank from any liability for the repayment of such funds.

Judgment affirmed.