**REPUBLICBANK DALLAS, N.A., Petitioner,**

v.

**INTERKAL, INC., Respondent.**

No. C–3596.

Supreme Court of Texas.

June 19, 1985.

Vial, Hamilton, Koch & Knox, Bruce W. Bowman, Jr., Dallas, for petitioner.

Haynes & Boone, Nina Cortell, Dallas, for respondent.

KILGARLIN, Justice.

The question presented is who has a superior right to funds held by a contractor? Is it his materialman, Interkal, or his creditor, RepublicBank? The trial court concluded that it was the materialman, and granted Interkal a summary judgment for $41,976.30. The court of appeals, with one justice dissenting, affirmed that judgment. 677 S.W.2d 759. We reverse the judgments of the courts below and remand the cause to the trial court.

The facts are relatively simple. J.F. Clark Company, Inc., had contracts to construct gymnasium facilities for various schools. Interkal furnished Clark with bleachers and stage equipment, the charge for which, after all credits and offsets were allowed, was the amount of the judgment. Clark had borrowed money from Republic-Bank, and secured its debts by its accounts receivable. Clark defaulted on repayment of its loan to RepublicBank, and the bank brought suit to collect the indebtedness. Incidental to the suit, the bank obtained an injunction preventing Clark from paying to Interkal any portion of the accounts receivable collected by Clark. The issue of Clark's indebtedness to the bank is not before us. What is before us is an interpretation of Tex.Rev.Civ.Stat.Ann. art. 5472e[1], which is conceded by both the bank and Interkal as being controlling.

---

1. Tex.Rev.Civ.Stat.Ann. art. 5472e provides in part as follows:

Section 1. All moneys or funds paid to a contractor or subcontractor or any officer, director or agent thereof, under a construction contract for the improvement of specific real property in this state, and all funds borrowed by a contractor, subcontractor, owner, or any officer, director or agent thereof, for the purpose of improving such real property which are secured in whole or in part by a lien on the specific property to be improved are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; provided, however, that moneys paid to a contractor or subcontractor or borrowed by a contractor, subcontractor, or owner may be used to pay reasonable overhead of said contractor, subcontractor, or owner, directly related to such construction contract. The contractor, subcontractor, owner, or any officer, director or agent thereof, receiving such payments or funds, or having control or direction of same, is hereby

In *Jensen v. First City National Bank*, 616 S.W.2d 452 (Tex.Civ.App.—Houston [14th Dist.] 1981), *writ ref'd n.r.e. per curiam*, 623 S.W.2d 924 (Tex.1981), a misappropriation of trust funds case, although refusing the application for writ of error, no reversible error, we specifically reserved the question of the scope of the section four exemption of banks and lending institutions in article 5472e. The question is now squarely before us. Other than the court of appeals in this case, only one other court has addressed the precise question involved. In *Heldenfels Bros., Inc. v. First National Bank of Hallettsville*, 657 S.W.2d 883 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), a judgment that a bank had superior right to trust funds was affirmed, with the appellate court holding that article 5472e, section four, exempts banks from the other provisions of that article. *Id.* at 885. The court of appeals in this case, in interpreting the statute differently, concluded that section four only "was intended to protect lenders and title companies from criminal charges arising out of receipt or disbursement of money that might be construed to be trust funds under the Act." 677 S.W.2d at 761.

■ While we agree with the court of appeals that lien statutes in Texas are liberally construed for the purpose of protecting laborers and materialmen and that this specific trust act was added to the lien laws by the legislature for the purpose of providing an additional protection for laborers and materialmen, we cannot be blind to the plain language of section 4, which provides that the act shall have no application to any bank.

■ Unless a statute is ambiguous, we must follow the clear language of the statute. This principle has been set forth in a number of Texas cases. For example, in *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920), we stated:

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*Id.* at 70. This principle has been adopted and utilized by this court many times. *See, e.g., Taylor v. Firemen's and Policemen's Civil Service Commission of the City of Lubbock*, 616 S.W.2d 187 (Tex.1981); *Satterfield v. Satterfield*, 448 S.W.2d 456 (Tex.1969); *Railroad Commission of Texas v. Miller*, 434 S.W.2d 670 (Tex.1968).

■ In this case, the material part of article 5472e provides that the act shall have no application to any bank, savings and loan association or other lender or to any title company or other closing agent in connection with *any transaction* to which this act is applicable. Interkal argues that this section of the act means only that a bank cannot be subject to liability for using trust funds over which the bank already has control. Language supporting such a qualification or limitation upon section 4 of the act cannot be found in the statute. The legislature clearly stated that the act protecting materialmen's liens is not applicable to any transaction involving a bank. Con-

---

made and constituted a Trustee of such funds so received or under his control or direction.
\* \* \* \* \* \*
Sec. 4. This Act shall have no application to any bank, savings and loan association or other lender or in any title company or other closing agent in connection with any transaction to which this Act is applicable. Further, moneys or funds received under a construc-

tion contract are exempt from the provisions of this Act if the full contract amount is covered by a corporate surety payment bond.
This article has been repealed and reenacted in the Texas Property Code. *See* Tex.Prop.Code § 162.001 et seq. The events giving rise to this cause of action occurred when the prior statute was still in effect. Therefore, it is controlling.

sequently, under the plain language of the statute, the bank's priority as a secured creditor over the materialman is not defeated. Because we are bound to follow the plain language of the act, we reverse the judgments of the courts below and remand the cause to the trial court.