

# THE ATTORNEY GENERAL
## OF TEXAS

October 3, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Hilary B. Doran, Jr.          Opinion No. JM-1104
Chairman
Texas Racing Commission           Re: Authority of Texas Rac-
P. O. Box 12080                   ing Commission to redefine
Austin, Texas  78711-2080         by rule the term "breeder"
                                  (RQ-1795)

Dear Mr. Doran:

You ask the following question about the Texas Racing Act, article 179e, V.T.C.S.:

> Does the Section 6.08 of the Texas Racing Act require the Texas Racing Commission to pay breeders' awards, under the Texas Bred Incentive Program for thoroughbred horses, to the owner of the mare at the time of conception of the accredited Texas-bred horse?

The Racing Act provides for a certain percentage of the breakage[1] to be paid to breeders of Texas-bred horses. V.T.C.S. art. 179e, § 6.08(c)(2). Your question involves the definition of "breeder" for purposes of section 6.08(c)(2). Section 6.08(d)(2) defines "breeder" as "a person who is owner of record, at the time of conception, of the mare that foaled the accredited Texas-bred horse." You explain that although the preceding definition is the uniform definition of "breeder" for quarter horses, it is not the uniform definition of "breeder" for thoroughbreds. You state that throughout the United States the "breeder" of a thoroughbred is the owner at the time of foaling. You

---

1. The "breakage" is "the odd cents by which the amount payable on each dollar wagered exceeds a multiple of 10 cents, except in the event a minus pool occurs, in which case the breakage shall be in multiples of five cents." V.T.C.S. art. 179e, § 1.03(20).

also state that the Racing Commission urged the legislature to bring Texas law into line with standard practice by amending article 179e to define "breeder" as the person who is the breeder according to rules of the appropriate state horse breed registry. The legislature, however, did not enact either of the bills that would have done so. See S.B. 448, 71st Leg. (1989); H.B. 1232, 71st Leg. (1989).

Your question is whether the Racing Commission must apply the definition of "breeder" set out in section 6.08(d)(2) when it distributes the breakage to breeders of thoroughbreds. You suggest that the definition of "breeder" set out in section 6.08 should not be applied to thoroughbreds because it is inconsistent with the purposes of the statute, one of which is to encourage the horse-breeding industry. You also state that "[t]o require the payment of breeders' awards to persons who, traditionally and according to other states breeders' programs, are not considered the 'breeder' of the horse appears to be an absurd result."

Unless a statute is ambiguous, a court must follow the clear language of a statute. RepublicBank Dallas N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985). In Simmons v. Arnim, 220 S.W. 66 (1920), the Supreme Court wrote:

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for ommissions in legislation. They are responsible for a true and fair interpretation of the written law.

Id. at 70. However problematic the current statutory definition of "breeder" may be when applied to thoroughbreds, it is not ambiguous. Conception and foaling are clearly distinct events. Consequently, neither this office nor the Racing Commission has authority to define "breeder of a thoroughbred" for purposes of section 6.08 as the owner at the time of foaling rather than the time of conception.

## S U M M A R Y

The Racing Commission has no authority to disregard the statutory definition of "breeder" in regard to thoroughbreds for purposes of section 6.08 of the Texas Racing Act, article 179e, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General