279 B.R. 209 (2002)
In re WATERPOINT INTERNATIONAL, L.C., Debtor.
Exchanger Contractors, Inc., Appellant,
v.
Comerica Bank, Texas, et al., Appellees.
CIVIL ACTION H-01-4058.
United States District Court, S.D. Texas.
June 10, 2002.
*210 Edward L. Rothberg, Houston, TX, for Appellant.
Phillip Lamberson, Dallas, TX, for Appellees.

Opinion on Appeal
HUGHES, District Judge.
1. Introduction.
A debtor contracted with a property owner to improve a parcel of land. The debtor never paid the subcontractor it hired to help with the improvements. The bankruptcy court ordered the property owner to pay a creditor bank directly instead of paying the debtor or the subcontractor. Because the subcontractor never perfected a lien and the subcontractor trust provisions of the Texas Property Code do not apply to banks, the bankruptcy court's decision will be affirmed.
2. Facts.
Exxon contracted with Waterpoint International, L.C., to improve a parcel of land. Waterpoint subcontracted some of *211 the work to Exchanger Contractors, Inc. Texas law provides for a subcontractor's lien on improved properties, but Exchanger never perfected a lien. Waterpoint filed for bankruptcy without paying Exchanger.
The bankruptcy trustee and Comerica Bank, which had a secured interest in Waterpoint's receivables, moved for an order requiring Exxon to pay its debt to Waterpoint directly to Comerica. Exchanger asserted two bases for a right to the money under the Texas Property Code. First, payments to a contractor are subject to a trust for the benefit of subcontractors. Second, secured creditors may not foreclose against the interest of a subcontractor, even when the subcontractor has not perfected a lien.
The bankruptcy court found against Exchanger and ordered Exxon to pay Comerica directly. Exchanger appeals.
3. Construction trust funds.
Payments to contractors or their agents for improvements of real property are trust funds held by the contractor for the benefit of subcontractors. Tex. Prop.Code §§ 162.001, 162.003. These construction trust provisions do not apply to banks. As far as Comerica is concerned, the payments from Exxon are just payments on Waterpoint's debt. Tex. Prop.Code § 162.004; see RepublicBank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607-08 (Tex.1985). Exchanger cannot claim the benefits of the trust against Comerica.
4. Collecting to the prejudice of subcontractors.
A subcontractor's lien is superior to a secured interest. Tex. Prop.Code § 53.121. If Exchanger had perfected its lien, any literate person could have awarded Exxon's money properly. Unable to claim under a lien, Exchanger submits an alternative theory.
A contractor's creditors cannot enforce security interests to the prejudice of subcontractors. Tex. Prop.Code § 53.151. Exchanger claims that this law overrules the Texas Supreme Court's interpretation of the construction trust statute, protecting the interests of subcontractors when they do not have a construction trust or a lien against the improvements. Exchanger is wrong.
Creditors may not enforce security interests to the prejudice of subcontractors, but Exchanger's interest in the receivable was not prejudiced. It had not perfected a lien. Its interest in the improvements  and in Waterpoint's receivable from Exxon  was unsecured while Comerica's was secured. The enforcement of a superior claim does not prejudice an inferior claim.
Comerica cannot enforce its interest to Exchanger's detriment, but Exchanger had run out of time to perfect its lien. Had Comerica enforced its security interest before Exchanger's time had run out, it would not have been able to prejudice Exchanger's position by foreclosing on the receivable. It would have taken the receivable  and Exxon's payment  subject to Exchanger's right to place a lien against it. The threat of a lien against the receivable would have shadowed a foreclosure until Exchanger ran out of time to perfect the lien. Comerica did not enforce the security interest until Exchanger's time to perfect had expired; there was no prejudice.
5. Conclusion.
The construction trust provisions of the Texas Property Code do not apply. Exchanger did not perfect its lien before it ran out of time to do so. Because Exchanger's interest in the receivable was *212 inferior to Comerica's, its interest was not prejudiced when the bankruptcy court ordered Exxon to pay Comerica directly. The judgment of the bankruptcy court will be affirmed.