

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 28, 2003

Ms. Karen F. Hale, Commissioner
Texas Department of Mental Health
   and Mental Retardation
909 West 45th Street
P.O. Box 12668
Austin, Texas 78711-2668

Opinion No. GA-0066

Re: Whether the Health and Safety Code, section 572.0025(f)(1) requirement that a physician conduct an "in-person examination" of a prospective patient of an inpatient mental health facility means that only a physician may conduct the examination (RQ-0003-GA)

Dear Commissioner Hale:

You ask whether section 572.0025(f)(1) of the Health and Safety Code requires that only a physician may conduct an examination required to admit a person to an inpatient mental health facility or whether a physician may delegate the examination to a non-physician pursuant to section 157.001 of the Occupations Code.[1]

Chapter 572 of the Health and Safety Code governs voluntary admissions to inpatient mental health facilities. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 572.001-.005 (Vernon Supp. 2003).[2] Section 572.0025 requires the Board of Mental Health and Mental Retardation (the "Board") to adopt rules for voluntary admissions, including rules for intake and assessment procedures. *See id.* § 572.0025(a).[3] "Assessment" is the process a facility uses to gather information from a prospective patient, "including a medical history and the problem for which the patient is seeking treatment, to determine whether a prospective patient should be examined by a physician to determine if admission is clinically justified." *Id.* § 572.0025(h)(2). An assessment may be conducted only by a professional who meets the qualifications prescribed by Board rules. *See id.* § 572.0025(c)-(d) (the Board's rules governing assessment must prescribe: "(1) the types of professionals who may conduct

---

[1]Letter from Ms. Karen F. Hale, Commissioner, Texas Department of Mental Health and Mental Retardation, to Honorable John Cornyn, Texas Attorney General at 2 (Nov. 25, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See also* TEX. HEALTH & SAFETY CODE ANN. § 571.003(9) (Vernon Supp. 2003) (defining "inpatient mental health facility").

[3]*See also id.* §§ 571.003(1) (defining "board"), 572.0025(h)(3) ("'Intake' means the administrative process for gathering information about a prospective patient and giving a prospective patient information about the facility and the facility's treatment and services.").

an assessment; (2) the minimum credentials each type of professional must have to conduct an assessment; and (3) the type of assessment that professional may conduct").

You ask about the requirement in section 572.0025(f) that a patient must be examined by a physician before admission:

> (f) A prospective voluntary patient may not be formally accepted for treatment in a facility unless:
>
> > (1) the facility has a physician's order admitting the prospective patient, which order may be issued orally, electronically, or in writing, signed by the physician, provided that, in the case of an oral order or an electronically transmitted unsigned order, a signed original is presented to the mental health facility within 24 hours of the initial order; the order must be from:
> >
> > > (A) an admitting physician who has conducted *an in-person physical and psychiatric examination* within 72 hours of the admission; or
> > >
> > > (B) an admitting physician who has consulted with a physician who has conducted *an in-person examination* within 72 hours of the admission.

*Id.* § 572.0025(f)(1) (emphasis added); *see also id.* § 571.003(18) (defining "physician").

You ask whether the requirement in section 572.0025(f)(1) "that the physical and psychiatric examination be 'in-person' mean[s] that only a physician may conduct the examination and, therefore, that the physician is prohibited from delegating the examination in accordance with" section 157.001 of the Occupations Code. Request Letter, *supra* note 1, at 2 (Question 1). Section 157.001 of the Occupations Code, a provision of the Medical Practice Act, authorizes a physician to "delegate to a qualified and properly trained person acting under the physician's supervision any medical act that a reasonable and prudent physician would find within the scope of sound medical judgment to delegate." TEX. OCC. CODE ANN. § 157.001(a) (Vernon 2003). You suggest that section 572.0025(f) could be construed to permit a physician to delegate an examination, provided that the delegate "conduct[s] the examination in the presence of the prospective patient." Request Letter, *supra* note 1, at 2.

In construing a statute, we attempt to give effect to the legislature's intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do that, we construe the statute according to its plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). We read words and phrases in context and construe them according to rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (Code

Construction Act). Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, must be construed accordingly. *Id.* § 311.011(b).

Section 572.0025(f)(1) requires an order issued by an admitting physician who has (i) conducted an "in-person" examination, or (ii) consulted with another physician who has conducted an "in-person" examination. *See* TEX. HEALTH & SAFETY CODE ANN. § 572.0025(f)(1) (Vernon Supp. 2003). The legislature has not defined the term "in-person" in chapter 572 or in any other statute, nor is there a Texas case defining the term in the context of medical examinations. The term is commonly understood to mean "with or by one's own action or bodily presence; personally; oneself." XI OXFORD ENGLISH DICTIONARY 598 (2d ed. 1989); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). Thus, according to the plain language of section 572.0025(f), the requirement that a physician conduct an "in-person" examination of a prospective patient means that the physician must personally conduct the examination. This meaning is consistent with section 572.0025(g), which provides that an assessment of a patient by a Board-approved professional, who may or may not be a physician,[4] "does not satisfy a statutory or regulatory requirement for a *personal evaluation* of a patient or a prospective patient *by a physician* before admission." TEX. HEALTH & SAFETY CODE ANN. § 572.0025(g) (Vernon Supp. 2003) (emphasis added).

In answer to the second part of your first question, a physician may not delegate the duty to conduct an in-person examination required by section 572.0025(f) to a non-physician. The statute's express requirement that the examination must be conducted by either the admitting physician or a physician with whom an admitting physician consults indicates that only a physician may conduct the examination. *See id.* § 572.0025(f)(1) (a facility may not admit a patient without an order from either "(A) *an admitting physician* who has conducted an in-person physical and psychiatric examination within 72 hours of the admission" or "(B) *an admitting physician who has consulted with a physician* who has conducted an in-person examination within 72 hours of the admission") (emphasis added). Had the legislature intended to authorize an admitting physician to consult with a non-physician examiner before issuing an admission order, it would have expressly granted such authority. By contrast, the statute expressly provides that an assessment of a prospective patient may be conducted by any "professional" who meets qualifications prescribed by Board rules. *See id.* § 572.0025(c)-(d); *see also supra* note 4. Importantly, section 157.001 of the Occupations Code does not authorize a physician to delegate an act in violation of another law. *See* TEX. OCC. CODE ANN. § 157.001(a)(1)(C) (Vernon 2003); *see also id.* § 157.007 ("An act delegated by a physician under this chapter must comply with other applicable laws.").

You also ask whether an examination required by section 572.0025(f) may be conducted "using audiovisual telecommunication." Request Letter, *supra* note 1, at 2 (Question 2).

---

[4]*See* TEX. HEALTH & SAFETY CODE ANN. § 572.0025(c)-(d) (Vernon Supp. 2003) (an assessment may be conducted only by a professional who meets the qualifications prescribed by Board rules); 25 TEX. ADMIN. CODE § 401.583(15) (2002) (Tex. Dep't of Mental Health and Mental Retardation, Standards of Care and Treatment in Psychiatric Hospitals) (defining "qualified mental health professional" to include various health professionals, including physicians); *id.* § 401.587(e)(1) ("An assessment for admission must be conducted by a qualified mental health professional (QMHP). If the QMHP is not a physician, the non-physician QMHP conducts the assessment to determine the need for physician evaluation for inpatient admission.").

Significantly, the legislature has used the term "in-person" in related contexts to contrast "in-person" medical care with telemedicine, indicating that an "in-person" examination is one where both the physician and the patient are physically present. *See, e.g.*, TEX. GOV'T CODE ANN. § 531.0217(d) (Vernon Supp. 2003) (The Health and Human Services Commission "shall require reimbursement for a *telemedicine medical service* at the same rate as the Medicaid program reimburses for a comparable *in-person* medical service. A request for reimbursement may not be denied solely because an *in-person* medical service between a physician and a patient did not occur.") (emphasis added); TEX. HEALTH & SAFETY CODE ANN. § 106.307 (Vernon Supp. 2003) ("A health professional who participates in a program under this subchapter may not use *telecommunication technology*, including telemedicine, as the sole or primary method of providing services and may not use *telecommunication technology* as a substitute for providing health care services *in person*.") (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998). The statute's requirement that the examination be "in-person" precludes an examination via "audiovisual telecommunication."

## S U M M A R Y

A physician must personally conduct an examination of a patient required by section 572.0025(f)(1) of the Health and Safety Code and may not delegate this duty to a non-physician pursuant to section 157.001 of the Occupations Code. The statute's requirement that the examination be "in-person" precludes an examination via "audiovisual telecommunication."

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee