

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

February 19, 2003

The Honorable Susan D. Reed                          Opinion No. GA-0024
Bexar County Criminal District Attorney
Bexar County Justice Center                          Re: Whether a county clerk may issue a marriage
300 Dolorosa, Fifth Floor                            license to two absent applicants    (RQ-0590-JC)
San Antonio, Texas 78205-3030

Dear Ms. Reed:

You ask whether the county clerk of Bexar County may issue a marriage license to two absent applicants.[1] The clerk has received a request from an inmate of the Texas Department of Criminal Justice Institutional Division. The inmate's fiancé is also incarcerated, and they desire to be married.

Section 2.002 of the Family Code states the procedures for applying for a marriage license and provides that "[e]xcept as provided by Section 2.006, each person applying for a license must . . . appear before the county clerk." *See* TEX. FAM. CODE ANN. § 2.002 (Vernon 1998). Section 2.006 of the Family Code provides as follows:

> (a) If an applicant is unable to appear personally before the county clerk to apply for a marriage license, any adult person or the other applicant may apply on behalf of the absent applicant.
>
> (b) The person applying on behalf of an absent applicant shall provide to the clerk:
>
>> (1) the affidavit of the absent applicant as provided by this subchapter;
>>
>> (2) proof of the identity and age of the absent applicant as provided by this subchapter;
>
> . . . .

---

[1]*See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Aug. 20, 2002) (on file with Opinion Committee).

*Id.* § 2.006(a), (b)(1)-(2). Proof of identity and age "must be established by a certified copy of the applicant's birth certificate or by some certificate, license, or document issued by this state or another state, the United States, or a foreign government." *Id.* § 2.005(b). An affidavit by an absent applicant must include:

> (1) the absent applicant's full name, including the maiden surname of a female applicant, address, date of birth, place of birth, including city, county, and state, citizenship, and social security number, if any;

> (2) a declaration that the absent applicant has not been divorced within the last 30 days;

> (3) a declaration that the absent applicant is:

>> (A) not presently married; or

>> (B) married to the other applicant and they wish to marry again;

> (4) a declaration that the other applicant is not related to the absent applicant [within a prohibited degree of relationship];

> . . . .

> (5) a declaration that the absent applicant desires to marry and the name, age, and address of the person to whom the absent applicant desires to be married;

> (6) the approximate date on which the marriage is to occur;

> (7) the reason the absent applicant is unable to appear personally before the county clerk for the issuance of the license; and

> (8) if the absent applicant will be unable to attend the ceremony, the appointment of any adult, other than the other applicant, to act as proxy for the purpose of participating in the ceremony.

*Id.* § 2.007.

You refer to section (C)(4) of the county clerk's manual, which states that under "a proxy marriage or absent applicant, one of the applicants must appear before the clerk. There cannot be a proxy for both applicants of a marriage license." OFFICE OF COURT ADMINISTRATION, COUNTY

CLERK PROCEDURE MANUAL VIII-6 (1998). This instruction appears to be based upon the former language of the statutes. Prior to recodification in 1997, the statutes addressing application for a marriage license by an absent applicant differed considerably from their present version. Former section 1.02 of the Family Code provided that "[e]xcept as otherwise provided by Section 1.05 of this code, persons applying for a license shall . . . appear together or separately before the county clerk." *See* Act of May 15, 1987, 70th Leg., R.S., ch. 195, § 1, 1987 Tex. Gen. Laws 1468. Former section 1.05 provided as follows: "If *only one of the applicants is able to appear* personally before the county clerk to apply for a marriage license, any adult person or the other applicant may apply on behalf of the absent applicant." *See* Act of May 28, 1973, 63d Leg., R.S., ch. 577, § 4, 1973 Tex. Gen. Laws 1596, 1598 (emphasis added).

In the 1997 recodification of title 1 of the Family Code, however, the statutes addressing application for a marriage license by an absent applicant were changed to their present version. *See* Act of Apr. 3, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex. Gen. Laws 8, 9-10 (codified at TEX. FAM. CODE ANN. §§ 2.002, 2.006(a) (Vernon 1998)). Nothing in the legislative history of the 1997 bill that recodified title 1 of the Family Code indicates why the language of these sections was changed. *See* SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. S.B. 334, 75th Leg., R.S. (1997) ("bill makes nonsubstantive changes and recodifies Title 1 of the Texas Family Code").

In *Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278 (Tex. 1999), the Texas Supreme Court addressed an apparently inadvertent omission of significant language from a nonsubstantive codification of the Tax Code. It determined that the plain language of the codification must be effectuated, despite the legislature's stated intent that no substantive change in the law was intended by the codification. *See Fleming Foods*, 6 S.W.3d at 286-87. *See also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985) (directing that statute be construed according to its plain language); *Smith v. Nelson*, 53 S.W.3d 792, 796 (Tex. App.–Austin 2001, pet. denied) (court must interpret legislative intent as expressed in plain language of statute).

Accordingly, the plain language of section 2.006 of the Family Code must be effectuated. The plain language of section 2.006 allows *two* absent applicants to apply for a marriage license, provided that they each have an adult person apply for the license on their behalf and that person submits the affidavit required by section 2.007. *See* TEX. FAM. CODE ANN. § 2.006 (Vernon 1998). Therefore, the county clerk of Bexar County may issue a marriage license to the two absent applicants when each applicant follows the procedures set forth in sections 2.006 and 2.007 of the Family Code.

## S U M M A R Y

Based upon the plain language of section 2.006 of the Family Code, a county clerk may issue a marriage license to two absent applicants who are unable to appear personally before the clerk when each applicant follows the procedures set forth in sections 2.006 and 2.007 of the Family Code. Under those procedures, an applicant for a marriage license is not required to apply in person for the license; "any adult person or the other applicant" may apply before the county clerk on behalf of the absent applicant. TEX. FAM. CODE ANN. §§ 2.006, 2.007 (Vernon 1998).

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee