ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 15, 2004

Mr. Danny Payne
Commissioner
Texas Savings and Loan Department
2601 North Lamar, Suite 201
Austin, Texas 78705

Opinion No. GA-0167

Re: Whether under Finance Code section 156.209(c), a hearings officer must schedule a hearing for a date not later than thirty days after the date the Savings and Loan Commissioner receives the applicant's appeal (RQ-0117-GA)

Dear Mr. Payne:

Your predecessor asked about the proper construction of section 156.209(c) of the Finance Code.[1]

Pursuant to chapter 156 of the Finance Code, the Mortgage Broker License Act, a person may not act as a mortgage broker in this state without a license issued by the Savings and Loan Commissioner (the "Commissioner"). *See* TEX. FIN. CODE ANN. §§ 156.201(a) ("A person may not act in the capacity of, engage in the business of, or advertise or hold that person out as engaging in or conducting the business of a mortgage broker in this state unless the person holds an active mortgage broker license or is exempt under Section 156.202."), 156.202 (exemptions) (Vernon Supp. 2004); *see also id.* §§ 156.001 (short title), 156.002(1) (in chapter 156 "'Commissioner' means the savings and loan commissioner"). Subchapter C establishes requirements and procedures an applicant must follow to obtain or renew a license. *See id.* §§ 156.201-.213.

Section 156.209, the subject of your predecessor's query, applies if the Commissioner declines or fails to issue or renew a license. It requires the Commissioner to provide notice to the applicant and establishes procedural requirements for an administrative appeal that the applicant must exhaust to later appeal to a district court:

> (a) If the commissioner declines or fails to issue or renew a license, the commissioner shall promptly give written notice to the applicant or the person requesting the renewal that the application or renewal, as appropriate, was denied.

[1]*See* Letter from Douglas B. Foster, Interim Texas Savings and Loan Commissioner, to Honorable Greg Abbott, Texas Attorney General (Oct. 10, 2003) (on file with the Opinion Committee) [hereinafter Request Letter].

> (b) Before the applicant or person requesting the renewal may appeal to a district court as provided by Section 156.401, the applicant or person must file with the commissioner, not later than the 10th day after the date on which notice under Subsection (a) is received, an appeal of the ruling requesting a time and place for a hearing before a hearings officer designated by the commissioner.
>
> (c) The designated hearings officer shall set the time and place for a hearing requested under Subsection (b) *not later than the 30th day after the date on which the appeal is received.* The hearings officer shall provide at least 10 days' notice of the hearing to the applicant or person requesting the renewal. The time of the hearing may be continued periodically with the consent of the applicant or person requesting the renewal. After the hearing, the commissioner shall enter an order from the findings of fact, conclusions of law, and recommendations of the hearings officer.
>
> (d) If an applicant or person requesting the renewal fails to request a hearing under this section, the commissioner's refusal to issue or renew a license is final and may not be subject to review by the courts.
>
> (e) A hearing held under this section is governed by Chapter 2001, Government Code. An appeal of a final order issued under this section may be made in accordance with Section 156.401.

*Id.* § 156.209 (emphasis added).

Your predecessor asked about the time frame for setting the administrative hearing. Specifically, he asked whether in section 156.209(c) "the words 'not later than' modify 'shall set' or 'hearing.'" Request Letter, *supra* note 1. In other words, he wished to know whether a hearings officer designated to hear an applicant's appeal must schedule the hearing for a date not later than thirty days after the date the Commissioner receives the appeal or whether the hearings officer must set the hearing date within that thirty day period, but may actually hold the hearing at a later time. He informed us that "the Texas Savings and Loan Department . . . has construed and consistently applied this statute to require the designated hearings officer to set a hearing to be conducted within thirty days of the Department's receipt of a request for an appeal." *Id.* However, if this office concludes that the alternate construction is correct, "the Department would construe this statute as imposing a duty to set a hearing before the thirtieth day of the Department's receipt of a request for an appeal . . . , without regard to the date on which the hearing would be held." *Id.*

In construing the first sentence of section 156.209(c), we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 1998); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must first attempt to construe the provision according to its plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691

S.W.2d 605, 607-08 (Tex. 1985). However, we agree with your predecessor's suggestion that the provision's language standing alone is somewhat ambiguous. On the one hand, the phrase "not later than" may be construed to establish a time frame for the hearing. On the other hand, it could be construed to establish a time frame for the hearings officer's duty to set the hearing without limiting the hearing date. Given that the sentence itself is susceptible to either construction, we look at the sentence in the context of section 156.209 as a whole and subsection (c)'s other requirements to resolve the ambiguity. *See Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone.") (citations omitted); *see also* TEX. GOV'T CODE ANN. §§ 311.011(a) (words and phrases to be read in context), 311.021(2)-(3) ("In enacting a statute, it is presumed that . . . the entire statute is intended to be effective" and "a just and reasonable result is intended"), 311.023(1), (5) ("In construing a statute, . . . a court may consider . . . the . . . object sought to be attained" and the "consequences of a particular construction[.]") (Vernon 1998).

Section 156.209's overriding purpose is to establish the procedural steps an unsuccessful applicant for a mortgage-broker license or license renewal must follow in order to exhaust the applicant's administrative remedies before seeking judicial review and to establish a fixed time frame for each step. *See* TEX. FIN. CODE ANN. § 156.209(a) (requiring prompt notice of denial), (b) (in order to appeal to the district court, the applicant must file an appeal with the commissioner not later than the tenth day after receiving the notice), (c) (requiring hearings officer to set hearing date and to provide applicant with at least ten days notice), (d) (denial of license or renewal final if applicant fails to request a hearing) (Vernon Supp. 2004). When the Commissioner declines to issue or fails to renew a license, the Commissioner must promptly provide notice to the applicant, who must then file an administrative appeal within ten days after receiving the notice. *See id.* § 156.209(a)-(b). Construing the first sentence of section 156.209(c) to require the hearings officer to set the hearing for a date within the thirty-day period after the applicant appeals is consistent with this framework of prompt action, precise duties, and definite dates. Indeed, it would be inconsistent with the overall purpose of section 156.209 to construe this sentence to allow a hearings officer to set the hearing for any date provided that the hearings officer acts to set the hearing not later than the thirtieth day after the Commissioner receives the appeal. Moreover, given that an unsuccessful applicant's livelihood may be at stake and the applicant may not appeal to district court until exhausting the administrative hearing process, it seems more likely that the legislature intended to set a precise time frame for the hearing date rather than to set a precise time frame for the hearings officer to schedule the hearing with no outside limit on the hearing date. *See* TEX. GOV'T CODE ANN. §§ 311.021(3) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended."), 311.023(1), (5) ("In construing a statute, . . . a court may consider . . . the . . . object sought to be attained" and the "consequences of a particular construction[.]") (Vernon 1998).

In addition, construing the first sentence of section 156.209(c) to require that the hearing be set for a date within a fixed period is supported by section 156.209(c) as a whole. Its second sentence requires the hearings officer to provide the applicant with at least ten-days notice of the hearing. *See* TEX. FIN. CODE ANN. § 156.209(c) (Vernon Supp. 2004). That short notice period is consistent with the requirement that the hearing be set for a date within thirty days after the applicant

appeals. Had the legislature intended the hearing date to be open-ended, one would expect a longer notice period. In addition, section 156.209(c)'s third sentence provides the hearings officer with flexibility to continue the hearing if the applicant consents. *See id.* ("The time of the hearing may be continued periodically with the consent of the applicant or person requesting the renewal."). The fact that the legislature has given hearings officers the latitude to move hearing dates only with applicants' consent suggests that the legislature did not intend to give hearings officers open-ended authority to set initial hearing dates.

Accordingly, we conclude that section 156.209(c) requires a hearings officer to schedule an administrative hearing for a date no later than thirty days after the date the Commissioner receives the applicant's appeal.

## S U M M A R Y

Finance Code section 156.209 requires the Savings and Loan Commissioner to provide notice to an unsuccessful applicant for a mortgage broker license or license renewal and establishes procedural requirements for an administrative appeal that the applicant must exhaust to later appeal to a district court. Section 156.209(c) requires the administrative hearings officer to schedule an administrative hearing for a date no later than thirty days after the date the Savings and Loan Commissioner receives the applicant's appeal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee