The Honorable Kim Brimer Chair, Committee on Administration Texas State Senate Post Office Box 12068 Austin, Texas 78711-2068
Re: Whether, under section 70.001 of the Texas Property Code, an auto repair shop may assert a mechanic's lien for administrative and overhead charges when the shop does not repair the vehicle (RQ-0667-GA)
Dear Senator Brimer:
You ask whether, under section 70.001 of the Texas Property Code, an auto repair shop may assert a mechanic's lien for administrative and overhead charges "when a vehicle is determined to be a total loss and thus" the repair shop does not repair it.[1] See TEX. PROP. CODE ANN. § 70.001 (Vernon 2007) ("Worker's Lien"). Because you tell us that the vehicle is not repaired, we assume that the auto repair shop performed no repair work on the vehicle.[2] See Request Letter, supra note 1, at 1.
Property Code section 70.001(a) authorizes a worker who repairs an article to retain possession of the article until the worker is compensated:
 A worker in this state who by labor repairs an article, including a vehicle, motorboat, vessel, or outboard motor, may retain possession of the article until:
 (1) the amount due under the contract for the repairs is paid; or
 (2) if no amount is specified by contract, the reasonable and usual compensation is paid. *Page 2 
TEX. PROP. CODE ANN. § 70.001(a) (Vernon 2007) (emphasis added); seealso id. § 70.001(c) (authorizing a worker to take possession only if the obligee signed a notice stating that the article may be subject to repossession under section 70.001).
Section 70.001's plain language compels the conclusion that an auto repair shop that performs no repairs on a vehicle cannot assert a lien on the vehicle. Lien statutes in Texas are to be liberally construed to protect laborers and materialmen, yet a court "cannot be blind to the plain language" of such a statute. RepublicBank Dallas, N.A. v. Interkal,Inc., 691 S.W.2d 605,607 (Tex. 1985); accord Page v. Structural WoodComponents, Inc., 102 S.W.3d 720, 723 (Tex. 2003) (quoting First Nat 7Bank v. Whirlpool Corp., 517 S.W.2d 262,269 (Tex. 1974)); Pavecon, Inc.v. R-Com, Inc., 159 S.W.3d 219, 224 (Tex.App.-Fort Worth 2005, no pet.) (quoting RepublicBank Dallas, N.A., 691 S.W.2d at 607). And section 70.001 (a)'s plain language limits the remedy to a worker "who by labor repairs" an article. TEX. PROP. CODE ANN. § 70.001(a) (Vernon 2007).
Section 70.001 does not define the word "repair." See id. § 70.001. "In common usage, `repair' means `to restore by replacing a part or putting together what is torn or broken' or, stated slightly differently, `[t]o bring back to good or usable condition.'" Carlton v. Trinity UniversalIns. Co., 32 S.W.3d 454,464 (Tex.App.-Houston [14thDist] 2000, pet. denied) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1923 (1993); RIVERSIDE WEBSTER'S II DICTIONARY 580 (rev. ed. 1996)); accordAm. Mfrs. Mut. Ins. Co. v. Shaefer, 124 S.W.3d 154, 158-59 (Tex. 2003) ("The concept of `repair' with regard to a vehicle connotes something tangible, like removing dents or fixing parts." (citing, among other things, Carlton, 32 S.W.3d at 464)).
We understand you to premise your question on a vehicle that is not repaired. Because the vehicle is not repaired, the auto repair shop may not assert a lien for any charges under section 70.001(a). *Page 3 
 SUMMARY
Section 70.001 (a) of the Texas Property Code authorizes only a worker "who by labor repairs" a vehicle to possess the vehicle until the worker is compensated for the repairs. TEX. PROP. CODE ANN. § 70.001(a) (Vernon 2007). If an auto repair shop does not perform any repairs on a vehicle, it may not assert a lien under section 70.001(a).
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 KENT C. SULLIVAN First Assistant Attorney General
 ANDREW WEBER Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 Kymberly K. Oltrogge Assistant Attorney General, Opinion Committee
[1] Letter from Honorable Kim Brimer, Chair, Committee on Administration, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 10, 2008) (on file with the Opinion Committee, also available at http://www.texasattorneygeneral.gov) [hereinafter Request Letter].
[2] Thus we do not understand you to ask about an auto repair shop that begins repairs on a vehicle in good faith but does not complete the repairs by mutual consent with the owner or due to actions on the part of the owner.