ACCEPTED
03-15-00262-CV
7892586
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 4:14:22 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00262-CV**

**In the**
**Third Court of Appeals**
**Of Texas**

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 4:14:22 PM
JEFFREY D. KYLE
Clerk

TEXAS ASSOCIATION OF
ACUPUNCTURE AND ORIENTAL MEDICINE
*Appellants*,

V.

TEXAS BOARD OF CHIROPRACTIC EXAMINERS
AND YVETTE YARBROUGH, EXECUTIVE DIRECTOR
IN HER OFFICIAL CAPACITY,
*Appellees*

**On Appeal from the 261st Judicial District Court of Travis County, Texas**
**Cause No. D-1-GN 12-00107**

TEXAS CHIROPRACTIC ASSOCIATION (TCA) AND
AMERICAN CHIROPRACTIC ASSOCIATION (ACA)
*AMICUS CURIAE* BRIEF IN SUPPORT OF APPELLEES

Respectfully submitted,

Jason Ray
Bar No. 24000511
RIGGS & RAY, P.C.
506 West 14th Street, Suite A
Austin, TX  78701
512 457-9806 Phone
512 457-9066 FAX
jray@r-alaw.com

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................... ii

**TABLE OF AUTHORITIES** ........................................................... iii

**DISCLOSURE OF INTEREST** ...................................................... iv

**SUMMARY OF ARGUMENT** ...................................................... 1

**ARGUMENT AND AUTHORITIES** ............................................. 2

**PRAYER** ..................................................................................... 7

**CERTIFICATE OF COMPLIANCE** ............................................ 8

**CERTIFICATE OF SERVICE** ...................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Entergy Gulf States, Inc. v. Summers,*
    282 S.W.3d 433, (Tex. 2009) ........................................................................3

*RepublicBank Dallas, N.A. v. Interkal, Inc.,*
    691 S.W.2d 605 (Tex. 1985) ........................................................................4

*St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997)..................4

*Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920) ........................................4

*Texas Bd. of Chiropractic Examiners v. Texas Med. Ass'n*,
    375 S.W.3d 464 (Tex. App.—Austin 2012, pet. denied) ................................3

*Texas Orthopaedic Ass'n v. Texas State Bd. of Podiatric Med. Examiners*,
    254 S.W.3d 714 (Tex. App.—Austin 2008, pet. denied) ................................2


**STATUTES**

TEX. OCC. CODE § 205.001(2) ....................................................................................4

TEX. OCC. CODE ch. 155 ............................................................................................3

TEX. OCC. CODE § 165.003 ........................................................................................6

TEX. OCC. CODE § 165.152 ........................................................................................6

TEX. OCC. CODE § 165.153 ........................................................................................6


**SECONDARY SOURCES**

Chiropractic Board Rule 78.14(a)................................................................................5

## <u>DISCLOSURE OF INTEREST</u>

On behalf of *Amicus Curiae*, I certify that no persons other than the Texas Chiropractic Association and the American Chiropractic Association have made any monetary contribution to the preparation or submission of this *Amicus* brief.

# SUMMARY OF ARGUMENT

This firm represents the Texas Chiropractic Association (TCA) and the American Chiropractic Association (ACA) regarding their respective members' interest in this appeal. TCA is the state's largest chiropractic association, representing Texas' 5,300 licensed doctors of chiropractic. ACA is the nation's largest chiropractic association, representing licensed doctors of chiropractic and students enrolled in chiropractic colleges, including over 1,000 Texas members. Many of these doctors of chiropractic regularly utilize chiropractic acupuncture as part of improving the biomechanics of the musculoskeletal system. Through this amicus brief, TCA and ACA urge this Court to leave the scope of chiropractic in Texas—a scope which has historically included limited acupuncture—unchanged, by affirming the trial court.

## ARGUMENT AND AUTHORITIES

All TAAOM-aligned arguments suffer from the same two errors:

1) they seek to define acupuncture and chiropractic as unique and non-duplicative, when it is undisputed that the scope of chiropractic overlaps with other medical disciplines, and

2) they refuse to acknowledge that acupuncture can fit within the therapeutic methods permitted by chiropractic, so long as the acupuncture is used to treat a condition that improves a subluxation or biomechanical condition of the musculoskeletal system.

Neither the TAAOM's brief nor the five previously-filed amicus briefs in this appeal accurately recite the chiropractic scope defined by the Texas Legislature. Specifically, all TAAOM-aligned briefs ignore the fact that the statute defines the chiropractic scope to include *any nonsurgical, nonincisive procedure* that improves a subluxation complex or *the biomechanics of the musculoskeletal system*. The phrase "nonsurgical, nonincisive procedure" is quite broad. It necessarily includes treatment that is immediately recognizable as a stereotypical chiropractic adjustment, but the phrase also captures therapeutic approaches that are ordinarily found in other disciplines of medicine.

The practice of medicine contains many disciplines whose scopes necessarily overlap. Podiatrists and orthopedic surgeons often perform the exact same surgeries, and this court has addressed that turf war. *Texas Orthopaedic Ass'n*

*v. Texas State Bd. of Podiatric Med. Examiners*, 254 S.W.3d 714, 717 (Tex. App.—Austin 2008, pet. denied) (acknowledging overlap of the occupations in treating feet). Chiropractors and medical doctors have a scope of practice that allows both professions to diagnose and treat diseases that affect the musculoskeletal system. *Texas Bd. of Chiropractic Examiners v. Texas Med. Ass'n*, 375 S.W.3d 464, 493 (Tex. App.—Austin 2012, pet. denied). Like chiropractors, medical doctors and osteopathic physicians may practice acupuncture. TEX. OCC. CODE ch. 155. It is simply wishful thinking for the TAAOM to claim that acupuncture is a distinct specialty that can only be practiced by licensed acupuncturists.

The TAAOM's brief speaks to the nature of needles, whether acupuncture or otherwise; all of its arguments on this issue are unnecessary. This court need not question whether acupuncture needles violate the "nonsurgical, nonincisive" constraints for chiropractic treatments. Simply put, acupuncture needles are nonincisive because the Texas Legislature says so. "Ascertaining the meaning of a statutory text (or any text for that matter) begins with the language used, and if that language is plain enough, absent some obvious error or an absurd result, that is where the task ends. It matters not what someone thinks the text may have meant to say or now hopes or wishes it said. To look beyond the plain language risks usurping authorship in the name of interpretation." *Entergy Gulf States, Inc. v.*

*Summers,* 282 S.W.3d 433, 445 (Tex. 2009) (J. Hecht, concurring)[1]. It would be contrary to statute for this Court to determine that regardless of the express language of Acupuncture Act § 205.001(2), the use of acupuncture needles in the hands of a chiropractor somehow renders the treatment "incisive." It would be equally imprudent for this Court to conclude that the use of a nonincisive procedure administered by a chiropractor to address a biomechanical problem in the musculoskeletal system of a chiropractic patient is somehow outside the scope of practice simply because that procedure is typically administered by a separately licensed occupation. Common sense tells us that all needles are, by their nature, incisive, but the Texas Legislature has expressly carved out an exception for acupuncture needles. That means "acupuncture needles" are not needles when used to perform acupuncture. This redefinition of acupuncture needles essentially removes the only impediment to their use by chiropractors; thus, acupuncture needles are simply another tool that may be used in chiropractic.

---

[1] Justice Hecht's concurrence highlights the Texas Supreme Court's storied hesitance to depart from the plain language of a statute, as far back as the 1920 case of *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920): "Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain." quoted in *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997), *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex. 1985).

TCA and ACA disagree with TAAOM's argument that "acupuncture cannot be included within the statutory scope of chiropractic because [TAAOM believes] acupuncture is not limited to treatment of the musculoskeletal system…" TAAOM brief, at page 26. Chiropractic acupuncture is a subset of full-scope Acupuncture-Board regulated acupuncture. Chiropractic Board Rule 78.14(a) recognizes that any "therapeutic modalities" regarding acupuncture "must comply with the chiropractic scope of practice." Chiropractors constrain their advice and treatment, much of which comes from related and overlapping health care professions, to their scope of practice every day. Just because a chiropractor gives dietary advice to a patient with muscular pain as a result of a neuropathy does not mean the chiropractor is infringing on the area regulated by the Texas State Board of Examiners of Dietitians. Advice and treatment to correct musculoskeletal weaknesses do not implicate an athletic trainer license, a massage therapist license or any license issued by the Executive Council of Physical Therapy Examiners. And acupuncture to correct a musculoskeletal problem does not improperly infringe on full-scope acupuncture, which can be used to address everything from asthma, allergies and other immune disorders, to hormone imbalances, digestive issues, and high blood pressure, all of which is outside chiropractic scope.

Finally, it bears mentioning that Texas chiropractors would face a disastrous avalanche of tort cases if this Court accepted the TAAOM's argument that chiropractic acupuncture (e.g. to correct musculoskeletal condition) is outside the

scope of chiropractic. Thousands of chiropractors who have properly utilized acupuncture for years, and who have done so pursuant to the State Board's direction and rules, would find themselves facing civil tort claims, administrative claims, and criminal charges for the unlicensed practice of medicine. TEX. OCC. CODE § 165.003 (administrative penalty of up to $5000 per violation for unlicensed practice of medicine); § 165.152, .153 (unlicensed practice of medicine is a felony).

**The chiropractic amicus briefs ignore the statutory definition of chiropractic and acupuncture.**

The amicus brief from the Chiropractic Society of Texas argues that acupuncture uses "needles to treat patients, with no regard for a vertebral subluxation, thereby not qualifying under [the Chiropractic Society of Texas'] definition of subluxation." CST brief, page 2. That position ignores two important facts. First, the statutory definition of chiropractic in Texas is not limited to just subluxations, much less _vertebral_ (that is, spinal) subluxation. Texas chiropractors can treat any number of subluxations—more commonly known as dislocations, fixations, and malpositions—anywhere in the body, as well as any condition that affects the general biomechanics of the musculoskeletal system. Second, the Chiropractic Society of Texas' amicus brief ignores the reality that acupuncture is a type of physical manipulation that can improve the biomechanics of the musculoskeletal system. Simply put, the Chiropractic Society of Texas' argument

is rooted in a characterization of chiropractic that is much narrower than the statutory definition.

The International Federation of Chiropractors and Organizations' amicus brief is similarly postured, because that organization views the chiropractic scope to be limited to "the detection and correction of vertebral subluxation." IFCO brief, page 1. That definition is simply much narrower than the scope of chiropractic in Texas.

In closing, TCA and ACA believe the plain language of both Acupuncture Act and the Chiropractic Act dictates an obvious and reasonable resolution of this appeal. Given that acupuncture needles are not incisive, chiropractors may utilize them to perform treatment that would otherwise be within the scope of chiropractic.

## PRAYER

For these reasons, the Texas Chiropractic Association and the American Chiropractic Association, as Amicus Curiae, urge this Court to uphold the decision of the trial court.

Respectfully submitted,

Jason Ray
on behalf of the Texas Chiropractic Association
and the American Chiropractic Association

## CERTIFICATE OF COMPLIANCE

I certify on behalf of Amicus Curiae, that this Amicus contains 1466 words according to the word count feature of the Microsoft Word software used to prepare this Amicus brief.

_____
Jason Ray

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing Amicus brief has been served to all attorneys of record as listed below via e-mail on November 18, 2015:

| | |
|---|---|
| Joe H. Thrash<br>Assistant Attorney General<br>Administrative Law Division<br>P. O. Box 12548<br>Austin, Texas 78711<br>Joe.Thrash@texasattorneygeneral.gov | Craig T. Enoch<br>Enoch Kever, PLLC<br>600 Congress Ave., Ste. 2800<br>Austin, Texas 78701<br>cenoch@enochkever.com |

_____
Jason Ray