ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 13, 2003

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0072

Re: Whether a well that was installed prior to September 1, 2002, but that was capped and will not be used to produce water until some indefinite time after that date, is a "public water supply well" exempt from regulation by the Trinity Glen Rose Groundwater Conservation District (RQ-0631-JC)

Dear Senator Madla:

You ask whether a well that was installed prior to September 1, 2002, but that was capped and will not be used to produce water until some indefinite time after that date, is a "public water supply well" exempt from regulation by the Trinity Glen Rose Groundwater Conservation District.[1]

In 2001, the Texas Legislature enacted House Bill 2005, which provided for the creation of the Trinity Glen Rose Groundwater Conservation District (the "District") in the part of Bexar County overlying the Trinity Aquifer "to develop and implement regulatory, conservation, and recharge programs that preserve and protect the underground water resources." Act of May 27, 2001, 77th Leg., R.S., ch. 1312, § 1, 2001 Tex. Gen. Laws 3222, 3222. House Bill 2005 became effective September 1, 2001. *See id.* § 21, 2001 Tex. Gen. Laws at 3227. You inform us that the voters confirmed the District's creation and elected a board of directors at an election held November 5, 2002. *See* Request Letter, *supra* note 1, at 1.

Under House Bill 2005, the District "has all of the rights, powers, privileges, authority, functions, and duties provided by the general law of this state, including Chapter 36, Water Code, applicable to groundwater conservation districts created under Section 59, Article XVI, Texas Constitution." Act of May 27, 2001, § 5(a), 2001 Tex. Gen. Laws at 3223. House Bill 2005 states that it "prevails over any provision of general law that is in conflict with or inconsistent" with it. *Id.*

---

[1]Letter from Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General, at 2 (Nov. 18, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

§ 5(b).[2] Under House Bill 2005, the District's board of directors may impose reasonable fees on nonexempt wells based on factors such as the size of the column used in the well, the well's production capacity, or the well's "actual, authorized, or anticipated pumpage." *Id.* § 13(b), 2001 Tex. Gen. Laws at 3225. The board may also "require all or certain types of wells to be registered" with the District, and may engage in conservation measures. *Id.* § 14(a), (e), 2001 Tex. Gen. Laws at 3225-26. In addition, section 36.101 of the Water Code authorizes a groundwater conservation district to adopt rules "to provide for conserving, preserving, protecting, and recharging of the groundwater or of a groundwater reservoir or its subdivisions in order to control subsidence, prevent degradation of water quality, or prevent waste of groundwater and to carry out the powers and duties provided by this chapter." TEX. WATER CODE ANN. § 36.101(a) (Vernon Supp. 2003).

Your query involves section 16 of the bill, which exempts certain public water supply wells from regulation by the District. It provides in pertinent part:

> (a) A public water supply well is exempt from regulation by the district if:
>
> > (1) the well is in existence on the effective date of this Act and drilled in compliance with technical requirements in effect at the time the well was drilled; or
> >
> > (2) the commission has approved plans submitted for the installation of the well before the effective date of this Act and the installation of the well is completed in accordance with the approved plans and the commission's technical requirements before the first anniversary of the effective date of this Act.
>
> (b) The owner of a public water supply well shall register the well with the district and submit reports to the district. A public water supply well is subject to the district's prohibitions on the waste of groundwater.
>
> (c) The district may not require a construction or operating permit for a public water supply well approved by the commission.

Act of May 27, 2001, § 16, 2001 Tex. Gen. Laws at 3226. In House Bill 2005, the "commission" refers to the Texas Natural Resource Conservation Commission, *see id.* § 2(3), 2001 Tex. Gen. Laws at 3222, which has been renamed the Texas Commission on Environmental Quality ("TCEQ").

---

[2]*But see* TEX. WATER CODE ANN. § 36.052(b) (Vernon 2000) (Water Code, sections 36.107 through 36.108, sections 36.159 through 36.161, and chapter 36, subchapter I "prevail over a conflicting or inconsistent provision of a special law that governs a specific district").

Your inquiry focuses on subsection (a)(2) of section 16. You explain that, in order to apply for the exemption under subsection (a)(2), some well owners installed and capped wells prior to September 1, 2002, the first anniversary of the effective date of House Bill 2005:

> Some of the owners completed the drilling, casing, cementing, and testing of the wells prior to September 1, 2002, in accordance with the Texas Commission on Environmental Quality's (TCEQ) technical requirements for well installation and in accordance with the approved plans submitted to the TCEQ prior to the effective date of the Act, September 1, 2001. Some of the owners have also capped the wells. The owners intend to place the wells into service as components of a public water supply system in subsequent years, after complying with applicable additional requirements of the TCEQ for placing public water supply wells into service.

Request Letter, *supra* note 1, at 2. You ask "what level of well installation completion" is required by section 16(a)(2) and whether

> the completion by September 1, 2002 of the drilling, casing, cementing, and testing of a public water supply well according to the TCEQ's technical requirements and according to plans submitted to and approved by the TCEQ prior to September 1, 2001, qualify the well for exemption under subsection (a)(2) of Section 16 of House Bill 2005, if the well is then capped for subsequent placing in service as part of a public water supply system?

*Id.* In essence, you ask whether a well qualifies for the section 16(a)(2) exemption if the well was drilled, cased, cemented, tested, and capped prior to September 1, 2002, but would not be put into production until some indefinite point after that date.

In construing a statute, we attempt to give effect to the legislature's intent. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do that, we construe a statute according to its plain language. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). We read words and phrases in context and construe them according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (Code Construction Act). "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id.* § 311.011(b); *see also id.* § 311.021(2) (presumption that the legislature in enacting a statute intends "the entire statute . . . to be effective").

House Bill 2005 establishes a general regulatory scheme to conserve and preserve water by various means including regulating wells. *See* Act of May 27, 2001, §§ 1(b)-(c), 5, 14, 2001 Tex. Gen. Laws at 3222-23, 3225-26; TEX. WATER CODE ANN. § 36.101(a) (Vernon Supp. 2003). Section 16(a) exempts a narrow class of wells from this regulatory scheme, specifically limiting the

exemption to a "public water supply well." Act of May 27, 2001, § 16(a), 2001 Tex. Gen. Laws at 3226 ("A *public water supply well* is exempt from regulation by the district if . . . .") (emphasis added). Significantly, section 36.001(18) of the Water Code, which the legislature also enacted in 2001, provides that the term "public water supply well" means, "for purposes of a district governed by this chapter, a well that produces the majority of its water for use by a public water system." TEX. WATER CODE ANN. § 36.001(18) (Vernon Supp. 2003). Because the term "public water supply well" is defined but not used elsewhere in chapter 36 or in any other general law, the legislature appears to have intended this definition to govern the meaning of "public water supply well" in House Bill 2005. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987) (Texas Supreme Court "will give effect to all the words of a statute and not treat any statutory language as surplusage if possible") (citing *Perkins v. State*, 367 S.W.2d 140 (Tex. 1963)); *see also* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (presuming that "the entire statute is intended to be effective").[3]

Thus, in order to qualify for an exemption under section 16(a), the well must "produce[] the majority of its water for use by a public water system" as provided by the Water Code definition. TEX. WATER CODE ANN. § 36.001(18) (Vernon Supp. 2003); *see also* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). A well that is capped and is not producing water for use by a public water system is not a "public water supply well" within the meaning of the Water Code definition and is therefore not a "public water supply well" under the section 16 exemption. Such a well is not exempt from regulation by operation of section 16, and may be regulated by the District to the extent House Bill 2005 and chapter 36 authorize it to regulate wells that are not under production. *See, e.g.,* Act of May 27, 2001, § 13(b), 2001 Tex. Gen. Laws at 3225 (authorizing District's board of directors to impose reasonable fees on nonexempt wells based on factors such as the size of the column used in the well, the well's production capacity, or the well's "actual, authorized, or *anticipated* pumpage") (emphasis added).

Subsections (a)(1) and (a)(2) of section 16 identify which public water supply wells fall within the exemption.

---

[3]The legislative history also supports the conclusion that the Water Code definition governs the meaning of "public water supply well" in House Bill 2005. As introduced, House Bill 2005 did not define the term. *See* Tex. H.B. 2005, 77th Leg., R.S. (2001) (as introduced). The Senate Natural Resources Committee amended the bill to define "public water supply well" as "a well from which all the groundwater produced is produced for a public water system having more than 250 service connections for municipal use." Tex. H.B. 2005, 77th Leg., R.S. (2001) (Senate Comm. Report). On May 22, 2001, the House of Representatives added the Water Code definition to Senate Bill 312 as a floor amendment. *See* H.J. OF TEX., 77th Leg., R.S. 1642 (2001) (amendment offered by Representative Puente on third reading). On May 24, 2001, the House of Representatives voted to refuse to concur in the Senate amendments to House Bill 2005 after Representative Corte explained that the Senate had amended the bill to define "public water supply well," but "there are some definitions already established, and I would like to not concur with the Senate amendment and go to conference to fix this up." Debate on Tex. H.B. 2005 on the Floor of the House, 77th Leg., R.S. (May 24, 2001) (tape available at House Video/Audio Dep't); H.J. OF TEX., 77th Leg,. R.S. 4278 (2001). The Conference Committee deleted the definition of "public water supply well" from House Bill 2005 on May 25, 2001. *See* Tex. H.B. 2005, 77th Leg., R.S. (2001) (Conference Comm. Report); S.J. OF TEX., 77th Leg., R.S. 3739 (2001). House Bill 2005 and Senate Bill 312 were both enacted on May 27, 2001. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1312, 2001 Tex. Gen. Laws 3222 (House Bill 2005); Act of May 27, 2001, 77th Leg., R.S., ch. 1234, 2001 Tex. Gen. Laws 2881 (Senate Bill 312).

Section 16(a)(1) extends the exemption to a well "in existence on the effective date" of House Bill 2005. *Id.* § 16(a)(1), 2001 Tex. Gen. Laws at 3226. To fall under section 16(a)(1), a well must have been a public water supply well and thus "produc[ing] the majority of its water for use by a public water system" as of that date. TEX. WATER CODE ANN. § 36.001(18) (Vernon Supp. 2003).

Section 16(a)(2) gives well owners with TCEQ-approved plans an additional year to complete their wells. *See* Act of May 27, 2001, § 16(a)(2), 2001 Tex. Gen. Laws at 3226. It extends the exemption to a public water supply well if the TCEQ "has approved plans submitted for the installation of the well before the effective date of this Act and the installation of the well is completed in accordance with the approved plans and the commission's technical requirements before the first anniversary of the effective date of this Act." *Id.* Construing section 16(a)(2) in the context of section 16 as a whole, we conclude that a well was a completed well for purposes of section 16(a)(2) if the TCEQ had approved plans for the installation of the well before September 1, 2001, and the well had met all the TCEQ requirements to produce its water for a public water system before September 1, 2002, the first anniversary of the bill's effective date. The TCEQ regulations governing public water systems include specific requirements for the development of such systems, including those using groundwater wells. *See* 30 TEX. ADMIN. CODE §§ 290.39 (general provisions), 290.41 (water sources) (2002). Before placing a groundwater well into service, a public water system is required to provide the TCEQ with "well completion data," which includes, for example, the driller's log, a cementing certificate, and the results of a pump test. *See id.* § 290.41(c)(3)(A). "All the documents listed in this paragraph must be approved by the [TCEQ] executive director before final approval is granted for use of the well." *Id.* Provided that the well owner can establish that a capped well met all then-applicable TCEQ requirements for use as a public-water-system groundwater well prior to September 1, 2002, the capped well will fall under the section 16(a)(2) exemption when it is actually put into production as a public water supply well. The fact that a well was capped and did not produce water for a public water system prior to September 1, 2002, would not disqualify the well for the exemption.

In short, a well that was installed and capped prior to September 1, 2002, and is not used to produce water for a public water system, is not a "public water supply well" exempt from regulation. Once the well is uncapped and produces the majority of its water for use by a public water system, however, it will be exempt from regulation by operation of section 16(a)(2) if the TCEQ approved plans for the installation of the well before September 1, 2001, and the installation of the well was completed in accordance with the approved plans and then-applicable TCEQ technical requirements for use as a public-water-system groundwater well before September 1, 2002.

## S U M M A R Y

 A well that was installed prior to September 1, 2002, but that was capped and is not used to produce water for a public water system, is not a "public water supply well" exempt from regulation by the Trinity Glen Rose Groundwater Conservation District under section 16(a)(2) of House Bill 2005. *See* TEX. WATER CODE ANN. § 36.001(18) (Vernon Supp. 2003). Once the well is uncapped and produces the majority of its water for use by a public water system, however, it will be exempt from regulation by operation of section 16(a)(2) if the Texas Commission on Environmental Quality approved plans for the installation of the well before September 1, 2001, and the installation of the well was completed in accordance with the approved plans and the Commission's technical requirements for use as a public-water-system groundwater well before September 1, 2002. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1312, § 16(a)(2), 2001 Tex. Gen. Laws 3222, 3226. The fact that a well was capped and did not produce water for a public water system prior to September 1, 2002, would not disqualify the well for the exemption.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee