

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 28, 2005

The Honorable David K. Walker  
Montgomery County Attorney  
207 West Phillips  
Conroe, Texas 77301

Opinion No. GA-0389

Re: Whether section 693.002 of the Health and Safety Code requires a justice of the peace to allow an organ procurement organization to remove organs of a deceased person before the justice of the peace has determined whether an autopsy should be performed (RQ-0365-GA)

Dear Mr. Walker:

Section 693.002 of the Health and Safety Code addresses justices of the peace and other officials' authority over organ and tissue removal from a decedent who died under circumstances requiring an inquest. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002 (Vernon Supp. 2005). You ask several questions relating to whether section 693.002 requires a justice of the peace to allow an organ procurement organization to remove organs of a deceased person before the justice of the peace has determined whether an autopsy should be performed.[1]

## I.    Background

Your questions assert that there may be a conflict between section 693.002 of the Health and Safety Code and provisions in chapter 49 of the Code of Criminal Procedure regarding inquests and autopsies and that if there is a conflict the latter must prevail. *See* Request Letter, *supra* note 1, at 6. Under chapter 49, the term "inquest" means "an investigation into the cause and circumstances of the death of a person, and a determination, made with or without a formal court hearing, as to whether the death was caused by an unlawful act or omission." TEX. CODE CRIM. PROC. ANN. art. 49.01(2) (Vernon Supp. 2005). An "autopsy" is "a post mortem examination of the body of a person, including X-rays and an examination of the internal organs and structures after dissection, to determine the cause of death or the nature of any pathological changes that may have contributed to the death." *Id.* art. 49.01(1).

---

[1]*See* Letter from Honorable David K. Walker, County Attorney, Montgomery County, to Honorable Greg Abbott, Attorney General of Texas (July 1, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Subchapter A of chapter 49 of the Code of Criminal Procedure, which governs a death occurring in a county that does not have a medical examiner's office or that is not part of a medical examiner's district, *see id.* art. 49.02, applies in your county, *see* Request Letter, *supra* note 1, at 1. Subchapter A requires a justice of the peace to perform an inquest when a person dies in the county under the circumstances listed in article 49.04. *See* TEX. CODE CRIM. PROC. ANN. art. 49.04 (Vernon Supp. 2005). A physician who has possession of the body of a person whose death requires an inquest "shall immediately notify the justice of the peace who serves the precinct in which the body . . . was found." *Id.* art. 49.07(a); *see also id.* art. 49.04(b)-(c). If that justice of the peace is not available, the physician must notify the nearest available justice of the peace in the county or, if no justice of the peace is available, the county judge. *See id.* art. 49.07(c)(1)-(2). It is a class C misdemeanor to intentionally or knowingly fail to give notice. *See id.* art. 49.07(d).

A justice of the peace "shall conduct an inquest immediately or as soon as practicable after the justice receives notification of the death." *Id.* art. 49.05(a). Article 49.10 addresses a justice of the peace's authority and duties with respect to autopsies and does not require a justice of the peace to order an autopsy in every case in which an inquest is required. Section 49.10(a) generally provides that "[a]t his discretion, a justice of the peace may obtain the opinion of a county health officer or a physician concerning the necessity of obtaining an autopsy in order to determine or confirm the nature and cause of a death." *Id.* art. 49.10(a).[2] Section 49.10(c) provides that "for each body that is the subject of an inquest by a justice of the peace, the justice, in the justice's discretion, shall" either "direct a physician to perform an autopsy" or "certify that no autopsy is necessary." *Id.* art. 49.10(c).[3] Article 49.10(e) requires a justice of the peace to order an autopsy in certain circumstances:

> (e)   A justice of the peace shall order an autopsy performed on a body if:
>
> (1)   the justice determines that an autopsy is necessary to determine or confirm the nature and cause of death;
>
> (2)   the deceased was a child younger than six years of age and the death is determined under Section 264.514, Family Code, to be unexpected or the result of abuse or neglect; or

---

[2]*See also* TEX. CODE CRIM. PROC. ANN. art. 49.10(b) (Vernon Supp. 2005) ("The commissioners court of the county shall pay a reasonable fee for a consultation obtained by a justice of the peace under Subsection (a) of this article.").

[3]*See also id.* art. 49.10(d) ("A justice of the peace may not order a person to perform an autopsy on the body of a deceased person whose death was caused by Asiatic cholera, bubonic plague, typhus fever, or smallpox. A justice of the peace may not order a person to perform an autopsy on the body of a deceased person whose death was caused by a communicable disease during a public health disaster.").

       (3) directed to do so by the district attorney, criminal district attorney, or, if there is no district or criminal district attorney, the county attorney.

*Id.* art. 49.10(e).[4] In addition, "[i]f a justice of the peace determines that a complete autopsy is unnecessary to confirm or determine the cause of death, the justice may order a physician to take or remove from a body" samples to determine the nature and cause of death. *Id.* art. 49.10(i).

  Section 693.002 of the Health and Safety Code governs removal of organs and tissue from a decedent who died in circumstances requiring an inquest. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002 (Vernon Supp. 2005). Section 693.002(a) generally provides that

> [o]n a request from a qualified organ procurement organization, as defined in Section 692.002, the medical examiner, justice of the peace, county judge, or physician designated by the justice of the peace or county judge may permit the removal of organs from a decedent who died under circumstances requiring an inquest by the medical examiner, justice of the peace, or county judge if consent is obtained pursuant to Section 693.003.

*Id.* § 693.002(a)(1). Section 693.002(a)(1) refers to "a qualified organ procurement organization" as defined by section 692.002 of the Health and Safety Code, which is a provision of the Texas Anatomical Gift Act, Health and Safety Code chapter 692,[5] and section 693.002 uses that term throughout section 693.002(a). *See id.* § 693.002(a). We use the term "organ procurement organization" or "organization." Section 693.002(a)(2)-(6) provides procedures for the timely removal of organs that also take into consideration any need for an autopsy. *See id.* § 693.002(a)(2)-(6).[6] Section 693.002(b)-(c) addresses tissue removal and is not relevant to most of your questions, which generally pertain to organ as opposed to tissue removal. *See* Request Letter, *supra* note 1, at 6; TEX. HEALTH & SAFETY CODE ANN. § 693.002(b)-(c) (Vernon Supp. 2005).

  You ask us to address circumstances involving an organ donor who died under circumstances that require a justice of the peace to conduct an inquest under article 49.04. *See* Request Letter, *supra* note 1, at 6; *see also* TEX. CODE CRIM. PROC. ANN. art. 49.04 (Vernon Supp. 2005). You ask

---

[4]*See also id.* art. 49.10(f) ("A justice of the peace shall request a physician to perform the autopsy.").

[5]*See* TEX. HEALTH & SAFETY CODE ANN. § 692.002(9) (Vernon 2003) ("'Qualified organ or tissue procurement organization' means an organization that procures and distributes organs or tissues for transplantation, research, or other medical purposes and that: (A) is affiliated with a university or hospital or registered to operate as a nonprofit organization in this state for the primary purpose of organ or tissue procurement; and (B) if the organization is an organ procurement organization, is certified to act as an organ procurement organization by the appropriate federal agency.").

[6]Section 693.002(a)(7) provides that at the request of the medical examiner, the justice of the peace, county judge, or designated physician, "the health care professional removing organs from a decedent who died under circumstances requiring an inquest shall file" with the requesting official "a report detailing the condition of the organs removed and their relationship, if any, to the cause of death." *Id.* § 693.002(a)(7) (Vernon Supp. 2005).

us to assume that before the justice of the peace determined whether an autopsy was necessary, an organ procurement organization sought to remove the organs of the deceased with the family's consent. *See* Request Letter, *supra* note 1, at 6; *see also* TEX. HEALTH & SAFETY CODE ANN. §§ 693.003-.004 (Vernon 2003) (governing consent for organ and tissue removal). The justice of the peace refused to allow the organization to remove the organs until the justice of the peace made a decision "regarding the potential loss of evidence"; further, the justice of the peace "refused to attend organ removal surgery because a decision regarding loss of evidence had not been made at the time the surgery was scheduled to occur." Request Letter , *supra* note 1, at 6.[7]

You ask the following questions:

> 1. Does the Health and Safety Code require the justice of the peace to allow an organ procurement organization to procure the organs of the deceased before the need for an autopsy has been determined?

> 2. Can the procurement of the organs occur before the justice of the peace has determined whether procurement of the organs will interfere with the course of the investigation?

> 3. Can the organ procurement organization require the justice of the peace to make a decision regarding the removal of the organs at a time and place determined by the organization or is this a function of the justice court and subject to the court's schedule and/or rules?

> 4. Does Section 693.002(a)(6) allow payment by the organization of costs incurred that are necessary to aid and assist the justice of the peace in making a determination that the organs or tissue will or will not interfere with the course of an investigation?

> 5. Can the justice of the peace deny the removal of the organs or tissue upon the request of the district attorney?

Request Letter, *supra* note 1, at 6.

---

[7]In a supplemental letter, you state that a particular organ procurement organization sought a court order to require a justice of the peace to comply with section 693.002 of the Health and Safety Code. *See* Letter from Honorable David K. Walker, County Attorney, Montgomery County, to Honorable Greg Abbott, Attorney General of Texas (Aug. 2, 2005) (on file with Opinion Committee). It is the policy of this office to refrain from issuing an attorney general opinion on a question we know is the subject of pending litigation. *See* Tex. Att'y Gen. Op. Nos. MW-205 (1980) at 1, V-291 (1947) at 5-6; Tex. Att'y Gen. LA-142 (1977) at 1. However, we understand that the matter to which you refer is no longer pending. *See* Brief from Rusty Hardin, Rusty Hardin & Assoc., to Honorable Greg Abbott, Attorney General of Texas, at 2-3 (Sept. 9, 2005) (on file with Opinion Committee). We answer your questions in general terms and not with respect to any particular situation.

## II.     Analysis

### A.     Health and Safety Code Section 693.002(a) and the Code of Criminal Procedure

Your primary questions relate to the timing of a procedure to remove organs from a decedent and the justice of the peace's determination regarding whether an autopsy is necessary and whether organ removal would interfere with the investigation. *See id.* Before answering your specific questions, we examine the general scheme established by section 693.002(a) of the Health and Safety Code[8] and its relationship to subchapter A of chapter 49 of the Code of Criminal Procedure.

---

[8]Section 693.002(a) provides in pertinent part:

> (a)(1)  On a request from a qualified organ procurement organization, as defined in Section 692.002, the medical examiner, justice of the peace, county judge, or physician designated by the justice of the peace or county judge may permit the removal of organs from a decedent who died under circumstances requiring an inquest by the medical examiner, justice of the peace, or county judge if consent is obtained pursuant to Section 693.003.
>
> (2)  If no autopsy is required, the organs to be transplanted shall be released in a timely manner to the qualified organ procurement organization, as defined in Section 692.002, for removal and transplantation.
>
> (3)  If an autopsy is required and the medical examiner, justice of the peace, county judge, or designated physician determines that the removal of the organs will not interfere with the subsequent course of an investigation or autopsy, the organs shall be released in a timely manner for removal and transplantation. The autopsy will be performed in a timely manner following the removal of the organs.
>
> (4)  If the medical examiner is considering withholding one or more organs of a potential donor for any reason, the medical examiner shall be present during the removal of the organs. In such case, the medical examiner may request a biopsy of those organs or deny removal of the anatomical gift. If the medical examiner denies removal of the anatomical gift, the medical examiner shall explain in writing the reasons for the denial. The medical examiner shall provide the explanation to:
>
> > (A)   the qualified organ procurement organization; and
> >
> > (B)   any person listed in Section 693.004 who consented to the removal.
>
> (5)  If the autopsy is not being performed by a medical examiner and one or more organs may be withheld, the justice of the peace, county judge, or designated physician shall be present during the removal of the organs and may request the biopsy or deny removal of the anatomical gift. If removal of the anatomical gift is denied, the justice of the peace, county judge, or physician shall provide the written explanation required by Subdivisions (4)(A) and (B).

(continued...)

Section 693.002(a) of the Health and Safety Code specifically addresses organ removal by an organ procurement organization when an inquest is required. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a) (Vernon Supp. 2005). In construing section 693.002(a), we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe it according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). We must also construe its provisions in context, considering the statute as a whole. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone.").

As a threshold matter, we note that section 693.002(a) applies to medical examiners and justices of the peace, and also to county judges and designated physicians. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a) (Vernon Supp. 2005). This is because, under the Code of Criminal Procedure, in a county without a medical examiner an inquest must be conducted by a justice of the peace or, if a justice of the peace is not available, the county judge. *See* TEX. CODE CRIM. PROC. ANN. arts. 49.02, 49.07(b)-(c)(1)-(2) (Vernon Supp. 2005). A justice of the peace or county judge may consult with a physician about whether an autopsy is necessary and must designate a physician to perform an autopsy. *See id.* arts. 49.07(c)(2), 49.10(a), (c)(1), (f). Given that you ask about inquests conducted by justices of the peace, we address section 693.002(a) primarily with respect to duties of a justice of the peace. *See* Request Letter, *supra* note 1, at 6.

Section 693.002(a) does not contain any provision stating that the procedure to remove organs may not take place until the justice of the peace has determined whether an autopsy is necessary. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a) (Vernon Supp. 2005). Rather, section 693.002(a)(1) establishes that, if the family consents, a justice of the peace or other official may permit removal of organs from a person who died under circumstances requiring an inquest.

---

[8](...continued)

> (6) If, in performing the duties required by this subsection, the medical examiner or, in those cases in which an autopsy is not performed by a medical examiner, the justice of the peace, county judge, or designated physician is required to be present at the hospital to examine the decedent prior to removal of the organs or during the procedure to remove the organs, the qualified organ procurement organization shall on request reimburse the county or the entity designated by the county for the actual costs incurred in performing such duties, not to exceed $1,000. Such reimbursements shall be deposited in the general fund of the county. The payment shall be applied to the additional costs incurred by the office of the medical examiner, justice of the peace, or county judge in performing such duties, including the cost of providing coverage beyond regular business hours. The payment shall be used to facilitate the timely procurement of organs in a manner consistent with the preservation of the organs for the purposes of transplantation.

TEX. HEALTH & SAFETY CODE ANN.§ 693.002(a)(1)-(6) (Vernon Supp. 2005).

*See id.* § 693.002(a)(1). Although section 693.002(a)(1) states that a justice of the peace "may" permit organ removal, *see id.*; *see also* TEX. GOV'T CODE ANN. § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."), it is clear from section 693.002(a)(2)-(5) that a justice of the peace does not have unfettered discretion over this matter, *see* TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005) ("The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute[.]"). Section 693.002(a)(2) through (5) addresses the timing of the release of organs vis à vis an autopsy. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(2)-(5) (Vernon Supp. 2005). These subsequent provisions do not permit a justice of the peace to delay an organ removal procedure and in some circumstances will require a justice of the peace to attend an organ removal procedure to determine whether to deny removal.

Specifically, section 693.002(a)(2) addresses situations in which no autopsy is required: "If no autopsy is required, the organs to be transplanted shall be released in a timely manner to the qualified organ procurement organization . . . for removal and transplantation." *Id.* § 693.002(a)(2). Because article 49.10(e)(1) requires a justice of the peace to order an autopsy if the justice of the peace determines that an autopsy is necessary "to determine or confirm the nature and cause of death," TEX. CODE CRIM. PROC. ANN. art. 49.10(e)(1) (Vernon Supp. 2005), section 693.002(a)(2) applies when a justice of the peace has determined that an autopsy is not necessary.

Section 693.002(a)(3) addresses situations in which an autopsy is required but in which the justice of the peace or other official has determined that removal of the organs will not interfere with the investigation or autopsy:

> If an autopsy is required and the medical examiner, justice of the peace, county judge, or designated physician *determines that the removal of the organs will not interfere with the subsequent course of an investigation or autopsy*, the organs shall be released in a timely manner for removal and transplantation.

TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(3) (Vernon Supp. 2005) (emphasis added).

Section 693.002(a)(4)-(5) addresses situations in which an autopsy is required but in which the relevant official has not yet determined whether removal of the organs will interfere with the investigation or autopsy. Section 693.002(a)(4) addresses the duties of a medical examiner in these circumstances:

> (4) If the *medical examiner is considering withholding one or more organs of a potential donor for any reason,* the medical examiner shall be present during the removal of the organs. In such case, the medical examiner may request a biopsy of those organs or deny removal of the anatomical gift. If the medical examiner denies removal of the anatomical gift, the medical examiner shall explain in

> writing the reasons for the denial. The medical examiner shall provide the explanation to:
>
> > (A) the qualified organ procurement organization; and
> >
> > (B) any person listed in Section 693.004 who consented to the removal.

*Id.* § 693.002(a)(4) (emphasis added). Section 693.002(a)(5) addresses the duties of a justice of the peace, county judge, or designated physician:

> > (5) If the autopsy is not being performed by a medical examiner and one or more organs may be withheld, the justice of the peace, county judge, or designated physician shall be present during the removal of the organs and may request the biopsy or deny removal of the anatomical gift. If removal of the anatomical gift is denied, the justice of the peace, county judge, or physician shall provide the written explanation required by Subdivisions (4)(A) and (B).

*Id.* § 693.002(a)(5).

Given your questions, we focus on section 693.002(a)(5) as it applies to an inquest conducted by a justice of the peace. Because section 693.002(a)(2)-(3) addresses removal of organs after a justice of the peace has determined that an autopsy is not necessary or that removal of organs will not interfere with the investigation or autopsy, it is evident from the statutory context that section 693.002(a)(5) applies to a justice of the peace who has not yet made those determinations. Significantly, section 693.002(a)(5)'s plain language requires a justice of the peace who has not yet made those determinations to attend a procedure to remove organs. *See id.* § 693.002(a)(5) ("the justice of the peace, county judge, or designated physician *shall be present* during the removal of the organs ") (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) ("'Shall' imposes a duty.").[9] However, during the procedure, the justice of the peace is authorized to deny organ removal. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(5) (Vernon Supp. 2005) (the

---

[9]In your brief, you state that

> [t]he clear language of Section 693.002(a)(1) . . . says that the justice of the peace "may permit the removal o[f] organs from a decedent" if the circumstances described in subsections (a)(2)-(5) exist. If the justice of the peace has not yet determined if an autopsy is necessary or that destruction of evidence may occur, these subsections are not applicable.

Request Letter, *supra* note 1, at 7. However, the general authority that section 693.002(a)(1) grants a justice of the peace to permit organ removal in cases where an inquest is required does not mitigate the mandatory duty under section 693.002(a)(5) of a justice of the peace who has not yet permitted organ removal to attend the organ removal procedure. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(1), (5) (Vernon Supp. 2005).

justice of the peace "*may* . . . deny removal of the anatomical gift") (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005) (providing that generally "'[m]ay' creates discretionary authority or grants permission or a power").

You suggest that to the extent section 693.002(a)(5) of the Health and Safety Code and Code of Criminal Procedure provisions regarding autopsies conflict, the latter must prevail. *See* Request Letter, *supra* note 1, at 7-8. But subchapter A of chapter 49 of the Code of Criminal Procedure, which governs a justice of the peace's duties with respect to inquests and autopsies, does not specifically address autopsies and organ removal by an organ procurement organization. *See* TEX. CODE CRIM. PROC. ANN. arts. 49.01-.24 (Vernon Supp. 2005). You have not identified any particular Code of Criminal Procedure provision that conflicts with section 693.002(a)(5) nor have we located any.

Moreover, the two statutory schemes work in harmony. For example, article 49.10 requires a justice of the peace to order an autopsy in certain circumstances, including when the justice determines that an autopsy is necessary to determine or confirm the nature and cause of death. *See id.* art. 49.10(e)(1). It does not require a complete examination of the body in every autopsy, however. A justice of the peace who "determines that a complete autopsy is unnecessary to confirm or determine the cause of death" may order a physician to take samples of body fluids, tissues, or organs. *Id.* art. 49.10(i). Thus subchapter A, which defines the term "autopsy" broadly,[10] does not mandate that an autopsy always include an examination of organs. Section 693.002(a)(5) of the Health and Safety Code is consistent with these duties and powers: If the justice of the peace has not yet determined whether an autopsy is necessary or whether removal of the organs will interfere with the investigation or autopsy before a scheduled organ removal procedure, the statute requires the justice of the peace (or designated physician) to attend the organ removal procedure but permits the justice of the peace (or designated physician) to obtain organ biopsies during the procedure or to deny organ removal altogether.[11] Section 693.002(a)(5) does not impede a justice of the peace's authority to order an autopsy.

With respect to scheduling the time for organ removal procedures, you specifically assert that a justice of the peace's decision about whether an autopsy is necessary is governed by the Code of Criminal Procedure and that under the Code of Criminal Procedure a justice of the peace is not required to make this decision "in any manner or at any particular time." Request Letter, *supra* note 1, at 7. As a result, an organ procurement organization "cannot dictate or require a justice of the peace to act at a time and place determined by the organization." *Id.* However, subchapter A of

---

[10]*See* TEX. CODE CRIM. PROC. ANN. art. 49.01(1) (Vernon Supp. 2005) ("Autopsy" means "a post mortem examination of the body of a person, including X-rays and an examination of the internal organs and structures after dissection, to determine the cause of death or the nature of any pathological changes that may have contributed to the death.").

[11]You cite section 692.015 of the Health and Safety Code for the proposition that section 693.002 must yield to conflicting Code of Criminal Procedure provisions. *See* TEX. HEALTH & SAFETY CODE ANN. § 692.015(a) (Vernon 2003) ("*This chapter* is subject to the laws of this state prescribing the powers and duties relating to autopsies.") (emphasis added). By its plain terms, however, section 692.015 establishes a rule of construction only for Health and Safety Code chapter 692, the Texas Anatomical Gift Act. *See id.*

chapter 49 of the Code of Criminal Procedure does not address when organs may be removed by an organ procurement organization. *See* TEX. CODE CRIM. PROC. ANN. arts. 49.01-.24 (Vernon Supp. 2005). Section 693.002(a) of the Health and Safety Code governs this issue and it is clearly intended to facilitate timely organ removal for transplantation. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(2) (Vernon Supp. 2005) ("the organs to be transplanted shall be released in a timely manner"), (3) ("the organs shall be released in a timely manner for removal and transplantation"). It is plain from section 693.002(a) as a whole that the legislature intended to require justices of the peace and other officials to perform their duties relating to autopsies according to a timetable that permits donated organs to be transplanted. *See id.; see also id.* § 693.002(a)(6) (providing that a payment by an organ procurement organization for an official's costs "shall be used to facilitate the timely procurement of organs in a manner consistent with the preservation of the organs for the purposes of transplantation").[12]

## B.     Specific Questions

Your first question is whether the Health and Safety Code requires a justice of the peace "to allow an organ procurement organization to procure the organs of the deceased before the need for an autopsy has been determined." Request Letter, *supra* note 1, at 6. Your second question is very similar: "Can the procurement of the organs occur before the justice of the peace has determined whether procurement of the organs will interfere with the course of the investigation?" *Id.* Section 693.002(a) does not require a justice of the peace to permit an organ procurement organization to remove organs before the justice of the peace has determined whether an autopsy is necessary or whether organ procurement will interfere with the course of the investigation. However, section 693.002(a)(5) requires a justice of the peace who has not yet determined whether an autopsy is necessary or whether organ removal will interfere with the investigation or the autopsy to attend the procedure to remove organs or to send a designated physician. At the procedure, the justice of the peace or designated physician may deny organ removal. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(5) (Vernon Supp. 2005).

Your third question is whether an organ procurement organization may require a justice of the peace "to make a decision regarding the removal of the organs at a time and place determined by the organization or is this a function of the justice court and subject to the court's schedule and/or rules." Request Letter, *supra* note 1, at 6. Section 693.002(a)(5) by its express terms requires a justice of the peace or designated physician to attend the organ removal procedure and permits a justice of the peace or designated physician who does so to deny organ removal. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(5) (Vernon Supp. 2005). Section 693.002(a) does not give a

---

[12]This purpose is also clear from the legislative history. The legislature amended Health and Safety Code section 693.002 in 1995 to authorize medical examiners to permit organ removal and to require them to attend organ removal procedures, establishing a legislative framework governing organ removal vis à vis medical examiner inquests and autopsies. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 523, § 1, 1995 Tex. Gen. Laws 3279. The 1995 legislative history indicates that the purpose of the bill was to "facilitate the timely removal and transplantation of organs and tissue from decedents." HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. S.B. 351, 74th Leg., R.S. (1995); *see also* TEX. GOV'T CODE ANN. § 311.023(1) (Vernon 2005) (in construing a statute a court may consider the object to be attained). The legislature amended the statute to apply to justices of the peace in 2003. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1220, § 1, 2003 Tex. Gen. Laws 3464.

justice of the peace any authority over the procedure's timing or authorize a justice of the peace to deny organ removal under any other circumstances. *See id.* § 693.002(a). Thus, by requiring a justice of the peace or designated physician to attend an organ removal procedure, section 693.002(a)(5) in effect authorizes an organ procurement organization that schedules a procedure to require a justice of the peace who has not yet made the decision regarding organ removal to do so at a time and place determined by the organization.

Your fourth question is whether section 693.002(a)(6) allows "payment by the organization of costs incurred that are necessary to aid and assist the justice of the peace in making a determination that the organs or tissue will or will not interfere with the course of an investigation." Request Letter, *supra* note 1, at 6.

Section 693.002(a)(6) provides that

> [i]f, *in performing the duties required by this subsection, . . .* the justice of the peace, county judge, or designated physician *is required to be present at the hospital* to examine the decedent prior to removal of the organs or during the procedure to remove the organs, the qualified organ procurement organization shall on request reimburse the county or the entity designated by the county for the actual costs incurred in performing such duties, not to exceed $1,000.

TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(5) (Vernon Supp. 2005) (emphasis added). Determining whether organ removal will interfere with the course of an investigation is a duty required by section 693.002(a). *See id.* § 693.002(a)(3)-(5). If in order to perform that duty a justice of the peace or designated physician is required to be present at the hospital to examine the body either before or during the organ removal procedure, section 693.002(a)(6) provides for the organ procurement organization to reimburse the county for actual costs, not to exceed $1000. *See id.* § 693.002(a)(6).

Your fourth question asks about costs associated with the removal of tissue as well as organs. *See* Request Letter, *supra* note 1, at 6. Section 693.002(a)(6) addresses costs only for duties required by section 693.002(a), which pertains to organ removal. Section 693.002(b)-(c) governs tissue removal.[13] By its plain terms, section 693.002(a)(6) does not provide for costs to be paid by a tissue

---

[13]Section 693.002(b)-(c) provides as follows:

> (b) On a request from a qualified tissue procurement organization, as defined in Section 692.002, the medical examiner may permit the removal of tissue believed to be clinically usable for transplants or other therapy or treatment from a decedent who died under circumstances requiring an inquest if consent is obtained pursuant to Section 693.003 or, if consent is not required by that section, no objection by a person listed in Section 693.004 is known by the medical examiner. If the medical examiner denies removal of the tissue, the medical examiner shall explain in writing the reasons for the denial. The medical examiner shall provide the explanation to:

(continued...)

procurement organization for duties required by section 693.002(c). *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(6) (Vernon Supp. 2005) ("[I]f, *in performing the duties required by this subsection*, . . . the justice of the peace . . . is required to be present at the hospital to examine the decedent prior to removal of the *organs* or during the procedure to remove the *organs*, the qualified *organ* procurement organization shall on request reimburse the county . . . .") (emphasis added).

Finally, you ask whether a "justice of the peace [may] deny the removal of the organs or tissue upon the request of the district attorney." Request Letter, *supra* note 1, at 6. Article 49.10(e)(3) of the Code of Criminal Procedure provides that "[a] justice of the peace shall order an autopsy . . . if directed to do so by the district attorney." TEX. CODE CRIM. PROC. ANN. art. 49.10(e)(3) (Vernon Supp. 2005). However, neither article 49.10(e)(3) nor section 693.002 of the Health and Safety Code gives a district attorney authority over the removal of organs or tissue. Rather, section 693.002(a) gives the authority to release or withhold organs to the justice of the peace. Specifically, section 693.002(a)(3) expressly requires the release of organs if the "justice of the peace . . . determines that the release of organs will not interfere with the subsequent course of an investigation or autopsy." TEX. HEALTH & SAFETY CODE ANN. § 693.002(a)(3) (Vernon Supp. 2005). In that case, the autopsy will be performed *after* organ removal. *See id.* Section 693.002(a)(5) also vests discretion in the justice of the peace over whether organs may be removed. *See id.* § 693.002(a)(5) ("the justice of the peace . . . shall be present during the removal of the organs and *may* request the biopsy or deny removal of the anatomical gift") (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005) ("'May' creates discretionary authority or grants permission or a power."). Similarly, section 693.002(c) vests a justice of the peace with the discretion to permit or deny the removal of tissue. *See* TEX. HEALTH & SAFETY CODE ANN. § 693.002(c) (Vernon Supp. 2005).

Thus, in answer to your question, even if a district attorney has directed the justice of the peace to order an autopsy under article 49.10(e)(3), section 693.002 authorizes a justice of the peace to make an independent determination regarding whether organs or tissue may be removed. A district attorney may not require a justice of the peace to deny organ or tissue removal.

---

[13](...continued)

> (1) the qualified tissue procurement organization; and
>
> (2) the person listed in Section 693.004 who consented to the removal.
>
> (c) If the autopsy is not being performed by a medical examiner, the justice of the peace, county judge, or designated physician may permit the removal of tissue in the same manner as a medical examiner under Subsection (b). If removal of the anatomical gift is denied, the justice of the peace, county judge, or physician shall provide the written explanation required by Subsections (b)(1) and (2).

TEX. HEALTH & SAFETY CODE ANN. § 693.002(b)-(c) (Vernon Supp. 2005).

## S U M M A R Y

In a case in which a decedent has died under circumstances requiring an inquest and the family consents to organ removal, section 693.002(a)(5) of the Health and Safety Code requires a justice of the peace who has not yet determined whether an autopsy is necessary or whether organ removal will interfere with the investigation or the autopsy to attend the procedure to remove organs or to send a designated physician. During the procedure the justice of the peace or designated physician may deny organ removal. By requiring a justice of the peace or designated physician to attend an organ removal procedure, section 693.002(a)(5) in effect authorizes an organ procurement organization that schedules a procedure to require a justice of the peace who has not yet made the decision regarding organ removal to do so at a time and place determined by the organization.

If a justice of the peace or designated physician is required to be present at the hospital to examine the body either before or during the organ removal procedure in order to perform a duty relating to organ removal under section 693.002(a), section 693.002(a)(6) provides for the organ procurement organization to reimburse the county for actual costs, not to exceed $1000. Section 693.002(a)(6) does not provide for costs to be paid by a tissue procurement organization for duties required by section 693.002(c), which relates to tissue removal.

Section 693.002 authorizes a justice of the peace to make an independent determination regarding whether organs or tissue may be removed. A district attorney may not require a justice of the peace to deny organ or tissue removal.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee