

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 18, 2005

The Honorable Leticia Van de Putte, R.Ph.
Chair, Committee on Veteran Affairs
    and Military Installations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0376

Re: Whether the Texas Workforce Commission is prohibited from using block grants to fund programs listed under section 302.062(g) of the Labor Code (RQ-0347-GA)

Dear Senator Van de Putte:

You ask whether the Texas Workforce Commission (the "Commission") is prohibited from using block grants to fund programs listed under section 302.062(g) of the Labor Code.[1]

The legislature created the Commission in 1995 to administer the state's unemployment compensation system and to "operate an integrated workforce development system in this state, in particular through the consolidation of job training, employment, and employment related educational programs available in this state." TEX. LAB. CODE ANN. § 301.001(a) (Vernon Supp. 2005).[2] Chapter 302 of the Labor Code, which governs the Commission's workforce development authority, requires the Commission's executive director to consolidate workforce development programs under the Commission, to implement workforce training and services policies and programs, and to contract with local workforce development boards for program planning and service delivery. See id. § 302.002(a)(1), (7), (9). Section 302.021 of the Labor Code consolidates a variety of specific state and federal employment programs under the Commission's authority. See id. § 302.021(a).

Under chapter 2308 of the Government Code, local workforce boards may be created by local elected officials. See TEX. GOV'T CODE ANN. § 2308.253 (Vernon 2000). A board "is directly responsible . . . for the operational planning and administration of all workforce training and services funded through the [Commission] to the local area." Id. § 2308.302(b). In particular, a board is required to develop a local workforce development plan, see id. § 2308.303(a)(3) (Vernon Supp.

---

[1]See Letter from Honorable Leticia Van de Putte, R.Ph., Chair, Committee on Veteran Affairs and Military Installations, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (May 20, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Added by Act of May 26, 1995, 74th Leg., R.S., ch. 655, § 11.02(b), 1995 Tex. Gen. Laws 3543, 3581. This bill abolished the Texas Employment Commission, which had administered some of the programs that were consolidated under the Commission. *See id.* §§ 11.02, .75(a) at 3581, 3621-22.

2005), and must contract with entities to provide services for persons seeking employment in the local workforce development area, *see id.* § 2308.303(b). With a waiver from the Commission, a board may provide services directly. *See id.; see also id.* § 2308.264. A board must establish career development centers to provide access to information and services available in the workforce development area. *See id.* §§ 2308.303(a)(5) (Vernon Supp. 2005), 2308.312 (Vernon 2000).

Subchapter D of chapter 302 of the Labor Code provides for the allocation of workforce development funds and a block grant program for workforce development. With respect to the latter, section 302.062, enacted in 1995 with the Commission's creation,[3] generally requires the Commission to provide funds for workforce training and employment services to local workforce areas through block grants. Section 302.062(a) establishes the general block grant funding requirement and permits the Commission to retain administrative costs not to exceed five percent:

> Effective July 1, 1996, the commission shall provide to the local workforce development areas in which local workforce development boards have been certified and local plans approved by the governor, through a block grant process, funds available to the commission for workforce training and employment services, unless superseded by federal law. Administrative costs under this subsection may not exceed five percent of the total amount of funds available to the commission for block grants for workforce training and services.

TEX. LAB. CODE ANN. § 302.062(a) (Vernon Supp. 2005). Section 302.062(b)-(f) governs the allocation of funds by the Commission to different regions and between local workforce development boards and other entities providing services within an area. *See id.* § 302.062(b)-(f). In addition, section 302.023 provides that the executive director of the Commission "shall delegate all or part of the administration of a program listed under section 302.021 that is eligible for block grant funding under section 302.062 to a local workforce development board in an area . . . or to another appropriate state or local entity in an area" with no local workforce development board. *Id.* § 302.023 (Vernon 1996).

Section 302.062(g), which you ask about, provides as follows:

> (g)  *Block grant funding under this section does not apply to:*
>
> (1)  the work and family policies program under Chapter 81;
>
> (2)  a program under the skills development fund created under Chapter 303;
>
> (3)  the job counseling program for displaced homemakers under Chapter 304;

---

[3] *See id.* § 11.03, at 3589-94.

(4)    the Communities In Schools program under Subchapter E, Chapter 33, Education Code, to the extent that funds are available to the commission for that program;

(5)    the reintegration of offenders program under Chapter 306;

(6)    apprenticeship programs under Chapter 133, Education Code;

(7)    the continuity of care program under Section 501.095, Government Code;

(8)    employment programs under Chapter 31, Human Resources Code;

(9)    the senior citizens employment program under Chapter 101, Human Resources Code;

(10)    the programs described by Section 302.021(b)(2);

(11)    the community service program under the National and Community Service Act of 1990 (42 U.S.C. Section 12501 et seq.);

(12)    the trade adjustment assistance program under Part 2, Subchapter II, Trade Act of 1974 (19 U.S.C. Section 2271 et seq.);

(13)    the programs to enhance the employment opportunities of veterans; and

(14)    the functions of the State Occupational Information Coordinating Committee.

*Id.* § 302.062(g) (Vernon Supp. 2005) (emphasis added).[4]

You note that the Commission "has block granted" several programs listed in section 302.062(g)[5] and ask whether this is appropriate. Request Letter, *supra* note 1, at 1. We gather that you believe that section 302.062(g) may prohibit the Commission from funding these programs by

---

[4]House Bill 2604 from the Seventy-ninth Legislature amended section 302.062(g)(10) to change "Section 302.021(b)(3)" to "Section 302.021(b)(2)," to conform to an amendment to section 302.021(b), which renumbered section 302.021(b)(3). *See* Act of May 29, 2005, 79th Leg., R.S., ch. 1294, §§ 2-3, 2005 Tex. Sess. Law Serv. 4088, 4089 (effective Sept. 1, 2005).

[5]*See, e.g.*, 40 TEX. ADMIN. CODE §§ 800.65(a) (2004) ("Funds available to the Commission to provide Project RIO services shall be allocated to workforce areas using a need-based formula, as set forth in subsection (b) of this section."), 800.66(a) ("Funds available to the Commission to provide Trade Act Services shall be allocated to workforce areas using a need-based formula, as set forth in subsection (b) below.").

block grants, requiring the Commission to contract for or provide the program services directly as opposed to distributing funds to local workforce development boards to contract for or provide program services.

In construing this statute, we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex. 1997). To do so, we must construe it according to its plain language. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607-08 (Tex. 1985). We must also construe section 302.062(g) in context, considering section 302.062 as a whole and in light of other statutes that govern the Commission and the specific programs listed in section 302.062(g)(1)-(14). *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (words and phrases to be read in context); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions. . . . We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone.").

On its face, section 302.062(g) does not prohibit the Commission from using block grant funding to implement the listed programs. When the legislature intends to prohibit an entity from engaging in certain conduct, it generally uses the phrase "may not" or "shall not." *See* TEX. GOV'T CODE ANN. § 311.016(5) (Vernon 2005) (defining certain terms and phrases) (Code Construction Act). By contrast, section 302.062(g) states that "[b]lock grant funding under this section *does not apply to*" the listed programs. *See* TEX. LAB. CODE ANN. § 302.062(g) (Vernon Supp. 2005) (emphasis added). Moreover, in using the phrase "under this section," *see id.*, section 302.062(g) indicates that its limitation operates only with respect to section 302.062 and not with respect to other law. Section 302.062(a) generally requires the Commission to distribute funds available to the Commission for workforce training through block grant funding by a date certain and section 302.062(b)-(f) establishes specific allocation requirements governing that block grant funding. Section 302.062(g) exempts the listed programs from the general block grant funding requirement and the specific allocation requirements in section 302.062(a)-(f).

The conclusion that section 302.062(g) does not establish a prohibition but rather creates an exemption to mandatory block grant funding under section 302.062(a)-(f) is also supported by an uncodified provision in House Bill 1863, the 1995 bill that created the Commission and enacted section 302.062. Section 11.77 of House Bill 1863 required the Commission's executive director to report to the legislature and the governor "the results of an analysis conducted by [the] commission as to whether block grant funding under Section 302.062 . . . should be extended to the programs *exempted* from block grant funding under Section (g) of that section."[6] This provision indicates that the legislature intended section 302.062(g) to exempt the listed programs from mandatory block grant funding under section 302.062(a), which was to go into effect July 1, 1996, but did not intend to foreclose block grants as a funding mechanism for those programs.

---

[6]*See* Act of May 26, 1995, 74th Leg., R.S., ch. 655, § 11.77, 1995 Tex. Gen. Laws 3543, 3623 (emphasis added).

On the basis of section 302.062's express language and section 11.77 of House Bill 1863, we conclude that section 302.062(g) does not prohibit block grant funding but rather exempts the programs listed under section 302.062(g) from mandatory block grant funding under section 302.062(a)-(f). However, this conclusion does not resolve whether the Commission is permitted to fund the section 302.062(g) programs with block grants. The fourteen programs listed in section 302.062(g) are governed by other state statutes, some of which have been amended since 1995, as well as federal law. In addition, chapter 302 generally requires the Commission to consolidate workforce development programs and to contract with local boards for program planning and delivery. *See, e.g., id.* § 302.002(a)(1), (9) (requiring the executive director to consolidate programs "to achieve efficient and effective delivery of services" and to "contract with local workforce development boards for program planning and service delivery"); *see also* TEX. GOV'T CODE ANN. § 2308.302 (Vernon 2000) (providing that a local board "is directly responsible . . . for the operational planning and administration of all workforce training and services funded through the [Commission] to the local area"). Whether the Commission may fund a particular program listed in section 302.062(g) by block grants to local workforce areas must be determined on the basis of laws governing the particular program, in light of the Commission's general duty to consolidate programs and to ensure that workforce development services are planned and delivered at the local level.

For example, section 302.062(g)(8) lists "employment programs under Chapter 31, Human Resources Code." TEX. LAB. CODE ANN. § 302.062(g)(8) (Vernon Supp. 2005). Section 302.065, enacted in 2003, requires the Commission and local workforce boards to integrate the administration of certain federal block grant programs, including "employment programs under Chapter[] 31 [of the] Human Resources Code" "[t]o streamline the delivery of services provided in local career development centers." *Id.* § 302.065[7]; *see also id.* § 302.0026.[8] This provision clearly contemplates that chapter 31 services will be provided at local career development centers by center caseworkers. *See id.* § 302.065. The distribution of chapter 31 program funds by the Commission to local areas to provide services appears to be consistent with the Commission's general authority and the statutory mandate that these services be provided at the local level in an integrated manner.

Similarly, section 302.062(g)(5) lists "the reintegration of offenders program under Chapter 306 [Project RIO]," *id.* § 302.062(g)(5), a project administered by the Commission, *see id.* § 306.003 (Vernon 1996). Section 2308.312 of the Government Code requires a career development center established by a local board to provide a variety of services, including "job training and employment assistance for persons formerly sentenced to the institutional division or state jail division, provided in cooperation with Project RIO." TEX. GOV'T CODE ANN. § 2308.312(c)(7) (Vernon 2000). Chapter 306 does not prohibit the Commission from distributing Project Rio funds to local areas by block grants and allocating funds in this manner is entirely consistent with the Commission's general authority and the express mandate that Project RIO services be provided at the local level by career development centers.

---

[7]Added by Act of June 1, 2003, 78th Leg., R.S., ch. 817, § 4.08, 2003 Tex. Gen. Laws 2513, 2523-24.

[8]Added by Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 2.93(a), 2003 Tex. Gen. Laws 611, 687.

By contrast, section 302.062(g)(3) lists "the job counseling program for displaced homemakers under chapter 304 [of the Labor Code]." TEX. LAB. CODE ANN. § 302.062(g)(3) (Vernon Supp. 2005). Section 304.003 of the Labor Code requires the Commission to use its personnel, services, facilities, and equipment to operate this program. *See id.* § 304.003 (Vernon 1996). Because this statute expressly requires the Commission to provide these services directly, the Commission may not implement the program by making block grants to local workforce development boards or other service providers. Similarly, section 302.062(g)(13) lists "the programs to enhance the employment opportunities of veterans." *Id.* § 302.062(g)(13) (Vernon Supp. 2005). Recently, the legislature transferred veterans employment programs from the Commission to the Veterans Commission. *See id.* §§ 302.014, .021(b). The new law states that "services provided under those programs must be provided by state employees," effectively foreclosing block grant funding. *See id.* § 302.014(d).

In sum, section 302.062(g) exempts certain programs from the mandatory section 302.062(a) block grant funding requirement, but does not preclude the Commission from funding the programs by block grants. Whether the Commission may fund a particular program listed in section 302.062(g) by block grants must be determined on the basis of the laws governing the particular program, in light of the Commission's general duty to consolidate programs and to ensure that workforce development services are planned and delivered at the local level.

## S U M M A R Y

Section 302.062(a) of the Labor Code generally requires the Texas Workforce Commission to fund workforce training and employment services with block grants to local areas. Section 302.062(g) of the Labor Code exempts certain programs from that mandatory requirement but does not prohibit the Commission from funding the listed programs by distributing block grants to local areas. Whether the Commission may fund a particular program listed in section 302.062(g) by block grants to local workforce areas must be determined on the basis of laws governing the particular program, in light of the Commission's general duty to consolidate programs and to ensure that workforce development services are planned and delivered at the local level.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee